RHODE ISLAND HOSPITAL TRUST COMPANY, *Ex'r and Tr. vs.* MARGARET B. TAFFINDER *et al.*

MARCH 2, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

260

CONDON, C. J.   This is a bill in equity for the construction of the will and codicil of Lewis H. Kalloch, late of Providence deceased, and for instructions to the testamentary trustee relative thereto.   When the cause was ready for hearing for final decree in the superior court the bill was certified to this court for our determination in accordance with G. L. 1956, §9-24-28.

The will was executed on June 2, 1949.   By paragraph numbered Second thereof the testator bequeathed to his housekeeper, Catherine E. Conboy, the sum of $500.   Under paragraph numbered Third he devised and bequeathed all the rest and residue of his estate to the Rhode Island Hospital Trust Company in trust "for the following uses and purposes: 1. The trustee hereof shall receive and collect any and all the rents, income and profits of the trust estate and therefrom pay all taxes, charges and expenses relative thereto and the execution of the trusts hereof, including compensation to the trustee for its services, and shall apply the net income to or towards the support, maintenance and benefit of my son, Lewis H. Kalloch, Junior for and during the term of his lifetime."

By the second paragraph of the main paragraph numbered Third he expressly authorized the trustee in its discretion to use the principal of the estate for the support of his son Lewis H. Kalloch, Jr.   He further provided by paragraph 5 thereof that

"* * * all the trusts hereof shall thereupon terminate, and the trustee hereof, after paying or satisfying any and all then outstanding bills, charges and obligations payable out of the trust estate shall transfer and convey absolutely and in fee simple and free of trusts all the trust property and estate and any income thereof

then remaining to Margaret A. Taffiender, wife of Vice-Admiral Sherwood A. Taffiender, now of Newport, Rhode Island, Dorothy DeWolf Rathbun of said City of Providence, and Mary Usher Pearce of Hackensack, New Jersey, equally and share and share alike, the two first named being nieces of my deceased wife Bertha Kalloch and the last named her cousin."

On January 19, 1956 he executed a codicil in the first paragraph of which he corrected a misspelling of the names Rathbone and Taffinder, in the second revoked the legacy of $500 to Catherine E. Conboy, and by the third paragraph thereof made the following provision:

"Third: Whereas, since the making of my said last will and testament said Catherine E. Conboy has rendered extraordinary services for the benefit of myself and my son, Lewis H. Kalloch, Jr., not duly compensated for by her wages, I hereby make provision for her benefit and support as hereinafter provided:

"All the rest, residue and remainder of my property and estate, real, personal and mixed, however described and wherever situated, of which I die seized or possessed, or in, to or over which at the time of my death I may have any right, title, interest or power of appointment, I give, devise and bequeath absolutely and in fee simple to the Rhode Island Hospital Trust Company, a Rhode Island corporation, — To Have and To Hold the same to it and its successors, but In Trust however for the following uses and purposes:

"1. The trustee hereof shall receive and collect any and all the rents, income and profits of the trust estate and therefrom pay all taxes, charges and expenses relative thereto and to the execution of the trust hereof, including compensation to the trustee for its services, and shall apply and pay over out of the net income of the said trust property and estate to the said Catherine E. Conboy the sum of one hundred fifty dollars ($150.00) each month for and during the term of her lifetime, beginning from and after the probate of my said will and this codicil thereto.

"2. If at any time or times there shall be a deficiency

of income available to make any such payment or payments, the amount of any such deficiency shall be paid to said Catherine E. Conboy upon the receipt of sufficient additional income as may become available from time to time therefor.

"3. My executors of my said will and codicil may make any such payments on account of the said trust for the said Catherine E. Conboy until my said trustee comes into the actual possession of my said property and estate.

"4. The foregoing provision, being a trust for the benefit and support of the said Catherine E. Conboy, shall take precedence over the provisions of said will contained in paragraph numbered Third of said will and testament.

"Except as herein changed, I hereby ratify and confirm my said last will and testament."

The testator died on December 25, 1958 at the age of ninety-two and was the sole heir of his son Lewis who predeceased him on September 4, 1958.

The trustee is in doubt as to the effect of paragraph third of the codicil upon paragraph numbered Third of the will and in particular as to the effect of the direction in the codicil that the provision for the benefit and support of Catherine E. Conboy "shall take precedence over the provisions of said will contained in paragraph numbered Third of said will and testament." It therefore brought the instant bill for construction of that language and for instructions as to whether it should pay over to those entitled to the remainder any of the principal or of the surplus net income of the trust in excess of the amount needed to provide Miss Conboy with a monthly income of $150.

The named respondents in the bill are such of the testator's heirs and next of kin as the complainant was able to ascertain, the residuary beneficiaries under the will and Catherine E. Conboy. Those respondents filed answers to the bill and were represented by counsel in the superior court and in this court. To protect the interests of unknown

heirs, heirs not in being, and heirs in the military service, if any, the superior court appointed a guardian ad litem. He duly answered the bill in their behalf and thereafter submitted their interests to the protection of the court. However, in this court he filed a brief in their behalf in which he took the same position with reference to the effect of the codicil as did the known heirs and next of kin.

Their position is that the testator by using the word "precedence" in the context of the above-quoted provision of the codicil intended to revoke the residuary provision in paragraph numbered Third of the will and thereby created an intestacy of the residue. Under this construction they claim a vested interest in the testator's estate and contend that they are entitled to receive any surplus net income and such part of the principal as are not needed to provide the monthly income for Miss Conboy.

The residuary beneficiaries under the will take a contrary position as to the construction of the word "precedence." They contend that it was not the intention of the testator in using that word to revoke his prior residuary provision and thus render the residue intestate, but rather it was his intention merely to give priority to the provision for Miss Conboy. They agree with the second contention of the heirs except that they claim they are entitled to such principal and income and not the heirs.

Miss Conboy contends that the trustee should not disturb the principal or pay the surplus net income to either but should retain and reinvest it to assure the payment of her monthly income of $150 in the event the current income should fall below that amount at any time in the future. She takes no position on the construction of the codicil since under either the heirs' contention or the residuary beneficiaries' contention her interest could not be adversely affected. However, she suggests that the necessity for a construction of the will and codicil has not yet arisen and, therefore, the bill is premature.

That suggestion does not appeal to us. Since the trustee is in doubt as to what it is authorized to do with such income and has requested instructions relative thereto we think it appropriate to construe the codicil at the same time. By so doing the present uncertainty in regard thereto will be resolved and further expense and inconvenience in the future will be avoided. In accordance with this view we shall consider the contentions of all parties.

The will and codicil should be read together and both given effect if possible. The disposition in the will should not be disturbed any further than is necessary to give effect to the codicil. *Industrial Trust Co.* v. *Clarke,* 59 R. I. 152. If the disposition in the codicil is irreconcilable with the disposition in the will the codicil will prevail. *Frelinghuysen* v. *New York Life Ins. & Trust Co.,* 31 R. I. 150.

In the instant case we perceive no irreconcilability. It is true that on the face of the two instruments there appears to be two conflicting gifts of income, but they are not irreconcilable. Being gifts merely of income and not gifts of principal they may both be given effect but not simultaneously. We think that the testator himself clearly foresaw this situation and avoided it by expressly providing that the provision in the codicil should "take precedence" over the prior disposition in the will and by further providing that "Except as herein changed, I hereby ratify and confirm my said last will and testament." In other words we are of the opinion that by such language the testator clearly indicated that it was his intention to preserve the earlier disposition in his will but that its taking effect was to be postponed to await the expiration of the preceding life estate to Miss Conboy.

In construing the word "precedence" in this manner as designating an order of priority we have given it the ordinary, normal meaning which is given in standard dictionaries and in Black, Law Dictionary (4th ed. 1951), p. 1340, and in Bouvier, Law Dictionary (3d rev. 1914), p. 2655.

Moreover it is consistent with the meaning which we have heretofore given to the word "precede" in construing a somewhat similar testamentary provision in *Redding* v. *R. I. Hospital Trust Co.*, 67 R. I. 41. We stated therein that in common parlance "precede" has reference to importance and priority. In the context of its use by the testator here the expression "take precedence" cannot in our opinion be reasonably construed to effect a supplanting of the prior provision in the will or as argued by the heirs a revocation thereof.

In any event it is not necessary in the case at bar to find that the residuary provision in the will is revoked in order to give effect to the codicil as was the case in *Frelinghuysen* v. *New York Life Ins. & Trust Co.*, *supra*, cited by the heirs in support of their contention. There the two provisions were held by the court to be manifestly contrary and could not be reconciled. Here, in accord with the canon of construction referred to in *Industrial Trust Co.* v. *Clarke, supra*, such a reconciliation is entirely feasible and accomplishes the purpose of giving effect to the codicil without disturbing the residuary provision except to postpone the time of its taking effect. We therefore hold that the provision in paragraph numbered Third of the will is not revoked but creates a vested remainder in the named residuary beneficiaries.

We now come to the second question, namely, whether the trustee may pay to those entitled to the residue of the trust any portion of the net income in excess of $150 a month, or of the principal. The correct answer depends not upon the amplitude of the principal or the income therefrom to provide the monthly income to Miss Conboy nor upon the fact that the residuary beneficiaries have a vested remainder therein. Rather it hangs upon what was the dominant intention of the testator as indicated by the language which he employed in the codicil in providing a certain income for Miss Conboy. Therefore, if such intention

can be discerned from the codicil, no recourse to evidence concerning the amount of the principal or the extent of the probable income reasonably to be expected therefrom is necessary. We think it can.

Some years after the testator had executed his will he apparently became deeply concerned about the future of his housekeeper who had devotedly served him and his mentally incompetent son for many years and he decided that she was justly entitled to receive from his bounty a much more ample provision than the modest legacy he had given her in his will. This new intention which he formed and gave expression to in the codicil was the only substantial reason for his execution of that instrument. In doing so it is obvious he put all other considerations aside, even that of providing an income for his son. He evinced such intention in no uncertain terms when he declared that the new provision for Miss Conboy should "take precedence" over paragraph numbered Third of the will. In reading this positive language it is difficult if not impossible to escape the conviction that the overriding intention of the testator at that time was to relieve his anxiety concerning Miss Conboy's future by making it reasonably certain that income from the principal would be constantly available to provide her with the monthly income of $150.

In view of this dominant intention and the explicit method the testator provided for giving it effect we are of the opinion that it cannot be disturbed. At least it should not be disturbed over the objection of the sole beneficiary of it. In construing a will it is not within our province to substitute for the testator's design another which appears to be just as effective.

It may well be that, as the residuary beneficiaries suggest, an annuity could be bought for Miss Conboy that would assure her receiving the monthly income of $150, but that is not what the testator provided. Nor did he provide that such beneficiaries should come into the enjoyment of any

of the remainder estate during Miss Conboy's lifetime. On the contrary, he took the trouble to emphasize the fact that the provision for Miss Conboy was to "take precedence" over paragraph numbered Third of the will. In other words the remainder granted therein was postponed in enjoyment until the expiration of the prior life estate.

If we look at the language of that paragraph this must necessarily be so as the testator provided therein that the principal could be invaded if needed for his son's benefit. As far as the residuary beneficiaries are concerned the codicil did not affect that provision. The fortuitous event of the son's death before his father's decease and after the codicil was executed did, but that cannot be availed of by the residuary beneficiaries in this proceeding for construction of the will and codicil. That construction must be based solely on the language of those instruments and not upon any such event.

We are therefore of the opinion that the trustee is bound to hold the principal of the trust and any excess net income intact until the expiration of Miss Conboy's life estate, at least as long as she refuses to accept any substituted provision which may be offered to her with the approval of the superior court.

We have examined *King* v. *King*, 14 R. I. 143, and *Harlow* v. *Weld*, R. I., 104 Atl. 832, cited by the residuary beneficiaries, which they claim approved a substituted provision in circumstances similar to those in the case at bar. We are not persuaded that either case presented to the court a situation sufficiently analogous to the case at bar to be controlling. Indeed as was pointed out in Miss Conboy's brief, in the *Harlow* case all the parties joined in the prayer for approval by the court of the proposed disposition in substitution of "the literal interpretation of the language of the will" which the court observed they had in effect waived. In this respect that case would seem to be in line with the view taken by the court in *Springfield Safe De-*

*posit and Trust Co.* v. *Stoop,* 326 Mass. 363, after it had in an earlier opinion in *Springfield Safe Deposit and Trust Co.* v. *Friele,* 304 Mass. 224, refused to approve a substituted provision over objection.

Bearing in mind as we must that the testator's intention where it is definitely ascertained is all-controlling, *Redding* v. *R. I. Hospital Trust Co.,* 67 R. I. 41, we are constrained to hold that the testamentary language here precludes the trustee from paying any part of the principal or income to the residuary beneficiaries before Miss Conboy's life estate has expired.

The parties may appear in this court on March 10, 1961 and present for our approval a form of decree in accordance with this opinion for entry in the superior court.

*Baker & Sundlun, Walter I. Sundlun, Elisha C. Mowry,* for complainant.

*Tillinghast, Collins & Tanner, Richard F. Staples,* for respondents Margaret B. Taffinder, Dorothea deWolf Rathbone, Mary Usher Pearse.

*Edwards & Angell, William H. Edwards, Charles G. Edwards,* for certain respondent next of kin.

*Edwards & Angell, William H. Edwards, Charles G. Edwards, Alan L. Bird and Samuel W. Collins, Jr.* (Rockland, Maine), for certain respondent heirs-at-law and next of kin.

*Albert B. Peterson* (Boston, Mass.), for respondent Philip R. Sinclair.

*Melvin L. Zurier,* for respondent Catherine E. Conboy.

*Samuel H. Ramsay, Jr.,* Guardian ad litem.