RHODE ISLAND HOSPITAL TRUST COMPANY, *Trustee, vs.* NANCY LOUISE SMITH *et al.*

MARCH 25, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

POWERS, J. This is a bill in equity for the construction of a trust created by the tenth clause of the will of Jennie W. Wilbur and for instructions to the trustee relative thereto. It was heard on bill, answer and proof before a superior court justice, who certified it to this court for determination in accordance with the provisions of G. L. 1956, §9-24-28.

It is established by the record that Jennie W. Wilbur, a resident of Providence, died testate on September 30, 1961.

Among her surviving heirs were two granddaughters, Nancy Louise Smith and Joan Elizabeth Gritman.

Apart from several specific but comparatively minor monetary bequests to others and specific bequests of jewelry to each of said granddaughters, to whom also were given the household and personal effects, the estate was bequeathed to complainant as trustee under the provisions of the tenth clause of the will which are as follows:

"Tenth: All the rest, residue and remainder of my estate, I give, devise and bequeath unto the Rhode Island Hospital Trust Company, a banking corporation located in said City of Providence, its successors and assigns forever, In Trust, Nevertheless, upon the trust and to and for the uses and purposes following, and none other, that is to say:

"To receive and collect all the income of said Estate, when the same shall become due, and from such income to pay all the taxes and other expenses attending the execution of said Trust, including a reasonable compensation to the said Trustee for its services, and to pay over the balance of said income, at least quarterly, to my said granddaughters, Joan Elizabeth Broccoli and Nancy Louise Wilbur, share and share alike, until the youngest or survivor shall reach the age of thirty-five years. Upon the happening of the last mentioned event, I direct my Trustee for the time being to transfer and convey absolutely all the funds and other property then making up said Trust Estate, share and share alike, to such of my said grandchildren as shall then be living and the lawful issue then living of either of them that may have heretofore deceased, whether in my lifetime or afterwards, such issue taking by representation, in the course of distribution, the shares which their parent would have taken, if then living, to them, their heirs and assigns forever, when said Trust shall end."

At the time of the testatrix's death, respondent beneficiary Nancy Louise Smith was in her twenty-eighth year, married and the mother of two daughters. They are Rebecca Lee and Charlotte Joan Smith, both of whom are

minors. The respondent beneficiary Joan Elizabeth Gritman at that time was in her thirty-fourth year, married and the mother of one child, a minor son, Carl Arnold Broccoli, born of a previous marriage.

On March 18, 1963 respondent beneficiaries made separate written demands on complainant as trustee that it distribute one half of the trust corpus to each of them although Nancy Louise Smith, the younger, was but twenty-nine years of age. Their letters were identical, making the point that the interests were alienable and offering to protect the contingent interests of the children by providing adequate insurance appropriate to the life of each beneficiary.

The complainant thereupon commenced the instant proceedings praying for construction and instructions as trustee. It takes the position that, although neutral as between the beneficiaries, the trustee has the obligation to defend the trust and its terms consistent with its conception of testatrix's intention. Acting on this premise, it contends that the respondent granddaughters cannot compel termination of the trust in contravention of the expressed purpose of the testatrix, namely, postponement of the enjoyment of the principal until the younger or alternatively the surviving granddaughter shall have attained thirty-five years of age.

A guardian ad litem was appointed to represent the interests of the three great-grandchildren, heretofore identified, and the interests of those unborn, unknown, or who may be in the military service, if any. He joined with respondent beneficiaries in contending that the welfare of everyone concerned and the purposes of the testatrix would be best served by an immediate termination of the trust on conditions proposed at the hearing in the superior court.

At the hearing, Nancy Louise Smith testified that she could use her share of the principal, stating, "Well, I had thought of building another home, or possibly a summer

home, which both my children and my husband and I would all enjoy very much. I have a few hospital bills. Other than that, I think that is about it." She added that she had been thinking of assigning her interest if immediate distribution of the principal were not permitted by the court.

Mrs. Smith also testified on behalf of her sister, who did not appear, that Joan Elizabeth Gritman was working and that her house was small, unfinished and in need of some repairs. She also added that she and her sister were insurable and that both were willing to purchase such insurance on their lives as would, in the judgment of the court, be necessary to protect the contingent interests of their children now living and those who might be born at such time as would entitle them to share in the estate.

Over complainant's objection evidence was received as to the probable value of the corpus on November 14, 1968, the last possible date on which distribution would be in order and the cost of insurance in an amount equal to a minimum of 150 per cent of said probable value. This latter testimony, received by way of deposition, also purported to establish the availability of such insurance.

The complainant pressed before us its objection to the materiality of such evidence, contending that distribution prior in time to either of the contingencies provided by the testatrix would defeat a material purpose of the trust as conceived by her.

In the view we take of the cause such evidence was both immaterial and irrelevant, but of this the trial justice could not be sure prior to a consideration by this court of respondents' contentions. By the very nature of these proceedings, the competency of evidence will occasionally turn on the conclusion reached by this court in passing on the merits. Otherwise, there could be instances when, absent such evidence, it would be necessary for this court to remand the cause for further hearing.

484

In *Industrial National Bank* v. *Miller,* 86 R. I. 33, 36, this court stated: "The great weight of authority in this country is to the effect that if the time designated in the trust for its termination has not arrived the beneficiaries, although they are all *sui juris,* cannot compel its termination if its continuance is necessary to carry out one of the material purposes for which it was created."

We held therein that periodic payments to the beneficiary, as provided in the trust, were a material purpose of the trust and denied distribution of the corpus. Although the facts in the instant case are admittedly quite different and readily distinguishable from those with which this court dealt in the *Miller* case, we think that the principle of preserving the testatrix's intention to provide for an active trust until a time certain, or the happening of a stated event, is suited to the circumstances here present.

The only argument advanced by respondent beneficiaries in support of their demands for a premature termination of the trust is that they have present uses for the principal of which the testatrix would approve as being compatible with her dominant purpose, namely, making provisions for their welfare. Whether she would so approve, however, takes us into the realm of speculation. From the language she employed it is just as logical to argue that her dominant purpose was to bequeath the bulk of her estate to her granddaughters, temporarily limited to income with distribution of the principal postponed to a time at which, in her judgment, they would have achieved the maturity not infrequently attributed to those attaining thirty-five years of age. In any event we think that postponing distribution of the principal, coupled with intervening periodic payments of interest, was a material purpose.

We are not unmindful of the heavy reliance respondents place on what they candidly concede to be dicta in the latest declaration of this court on the legal principle in issue as

enunciated in *Rhode Island Hospital Trust Co.* v. *Taffinder*, 92 R. I. 259, 168 A.2d 160.

There, in addition to giving our construction of a residuary clause as affected by a reference thereto in a subsequently executed codicil, we were confronted with a question somewhat analogous to that which is presently before us. By the execution of the codicil the testator imposed a trust on the residuary estate by establishing an income of $150 monthly for his housekeeper of many years' service so long as she should live.

The residuary legatees adduced evidence tending to show that an annuity of $150 monthly could be purchased from the principal and the remainder distributed to them at once, thus terminating the trust. In rejecting this proposition, we pointed to the obvious concern of the testator to make provision for the housekeeper out of the residue of his estate, declaring in 92 R. I. 259, 267, 168 A.2d 160, 164: "In view of this dominant intention and the explicit method the testator provided for giving it effect we are of the opinion that it cannot be disturbed. *At least it should not be disturbed over the objection of the sole beneficiary of it.*" (italics supplied)

It is on the implications of this latter sentence that respondents have urged that a different result should be reached in the case at bar. Here, they argue, all of the beneficiaries, immediate and contingent, have joined and there is no one who objects. While it is true that no one objects, the contingent beneficiaries are not sui juris. The guardian ad litem has joined with respondent beneficiaries on behalf of his wards out of a conscientious conviction that they would benefit from the substitution of life insurance in an amount not less than half again as much as would be realized if the trust should continue.

It is not an increase in their potential benefits with which we are concerned however. The primary and foremost con-

cern of the testatrix was the bequeathing of her estate to her granddaughters at a time and in a manner which to her seemed important. Referring again to *Rhode Island Hospital Trust Co.* v. *Taffinder, supra,* we also observed: "In construing a will it is not within our province to substitute for the testator's design another which appears to be just as effective."

It is also respondents' contention that this court has in several previous instances permitted the premature termination of a trust where all of the interested parties have consented. They cite *Carney* v. *Byron,* 19 R. I. 283, *Pitts* v. *R. I. Hospital Trust Co.,* 21 R. I. 544, and *Angell* v. *Angell,* 28 R. I. 592. In each of these cases the court gave effect to what it clearly considered to have been the testator's intention. Indeed in *Carney* v. *Byron, supra,* the testator had specifically provided for the termination of the trust at the request of the beneficiaries.

Nor is *King* v. *King,* 14 R. I. 143, also urged by respondents as supporting their position, persuasive of a different result from that which we have reached. There, unlike that of the instant respondent beneficiaries, the interest of the residuary legatees vested on the death of the testator, with delivery of the minor children's interest postponed until they reached the age of twenty-five. This court, with noted hesitation, countenanced distribution of the widow's share and that of the children who had already attained the age of twenty-five, requiring the widow and children who were sui juris to give bond for the protection of the others. No such immediate vesting of the principal is present in the case at bar, and the *King* case is not controlling.

On April 1, 1964, the parties may present to this court for approval a form of decree in accordance with this opinion for entry in the superior court.

*Tillinghast, Collins & Tanner, Nathaniel S. Thayer,* for complainant.

*Temkin, Merolla & Zurier, Melvin L. Zurier,* for respondents Nancy Louise Smith and Joan Elizabeth Gritman.

*Harvey S. Reynolds,* pro se ipso, guardian ad litem.