STANLEY WISNIEWSKI ET AL. *v.* ZONING BOARD OF
THE CITY OF STAMFORD ET AL.
(3781)

DUPONT, C. J., BORDEN and DALY, Js.
Argued February 4—decision released April 8, 1986

*Edward J. Frattaroli,* assistant corporation counsel,
with whom, on the brief, was *Jay H. Sandak,* corpora-
tion counsel, for the appellant (named defendant).

*Walter T. Flaherty, Jr.,* for the appellees (plaintiffs).

PER CURIAM. This is a zoning case in which we
granted the petition of the named defendant, the zon-
ing board of the city of Stamford, to appeal from the
judgment of the trial court. That judgment sustained
the plaintiffs' appeal to the Superior Court from the
action of the board which amended the zoning map by
changing the classification of three contiguous tracts
of land from a general industrial zone to a multiple
family residence zone. The judgment also ordered that
the zone change be modified to exclude the plaintiffs'
property. The trial court found that the zone change
was not warranted because there was no new condi-
tion "that had not existed at the time of the last
change." It also found that the zone change appeared
to meet the needs of the applicant, the defendant Holy
Name of Jesus Church, but was not for the good of the
community as a whole.

Where a local zoning authority is acting in a legislative capacity in enacting a zone change, it is "not bound by the general rule which would prohibit it from reversing an earlier decision without evidence of a change in conditions." *Morningside Assn.* v. *Planning & Zoning Board,* 162 Conn. 154, 158, 292 A.2d 893 (1972). The change of conditions rule "will only be applied in those rare instances where the zoning amendment is patently arbitrary." Id., 158–59. It is clear from the record in this case that the action of the board was not patently arbitrary.

Furthermore, from our review of the entire record we conclude that the "trial court far exceeded its proper bounds in reversing the [board's] decision . . . ." *Goldfeld* v. *Planning & Zoning Commission,* 3 Conn. App. 172, 178, 486 A.2d 646 (1985). It purported to assess the credibility of witnesses before the board and to weigh the evidence, and in doing so, it substituted its judgment for the legislative judgment of the board. That legislative judgment is adequately supported by the record. Id.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the plaintiffs' appeal.