## DRAM ASSOCIATES ET AL. *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF CROMWELL
### (8198)

SPALLONE, O'CONNELL and FOTI, Js.

Argued January 30—decision released May 22, 1990

*Richard W. Tomc,* with whom was *John H. Hanks,* for the appellant-appellee (defendant).

*William Howard,* for the appellees-appellants (plaintiffs).

SPALLONE, J. The defendant planning and zoning commission of the town of Cromwell appeals from the judgment of the Superior Court sustaining the plaintiffs' appeal from the commission's decision to rezone the plaintiffs' property. The commission claims that the court erred in holding (1) that the personal knowledge of the commission members on matters of traffic flow and local demand for office space may not be the basis for a zoning change, (2) that the record did not support the commission's decision, and (3) that the plaintiffs were denied their right to a fair hearing. The plaintiffs, owners of property affected by the zoning change, cross appeal from the trial court's ruling that they waived any defect in mail notice of the public hearing. We find error on the defendant's appeal but not on the plaintiffs' cross appeal.

The plaintiffs, two Connecticut partnerships and several individuals, own three parcels of land totalling approximately thirty-four acres on the east side of Route 9 in Cromwell. After the plaintiffs acquired the property in 1972, they made extensive efforts to develop the land in accordance with its commercial and residential zoning. In 1986, the plaintiffs agreed to sell the property for the construction of a shopping mall. A notice of this agreement was recorded in the land records, but the buyer had not prepared and filed a site plan as of August, 1986.

On August 19, 1986, the zoning commission held a public hearing to consider proposed comprehensive zoning changes, including the creation of a new zone designation of planned office development. The new zone

encompassed property on the east side of Route 9 and included the plaintiffs' lots as well as other land not involved in this appeal. Richard Sandefur, a principal in and a trustee for one of the plaintiff partnerships, was present at the hearing and spoke at length opposing the zone change because it would block the planned mall construction. The commission voted unanimously to adopt the new zoning regulations, but thereafter agreed to Sandefur's request to continue the public hearing so that he might retain an attorney and make another presentation of his arguments.

The commission held a second public hearing on September 16, 1986, at which the plaintiffs' attorney made a full presentation of their position, called witnesses and introduced various documents into evidence. Several members of the public in attendance then spoke, including Michelle Stronz, who favored the zone change. The commission chairman did not permit the plaintiffs' attorney to interrupt Stronz to ask questions or subsequently to respond to her comments. The adopted zoning regulations were duly published according to statutory mandates.

The plaintiffs appealed to the Superior Court, claiming that the commission had failed to send notice by mail of the September hearing to all the plaintiffs and that it had reached an arbitrary and capricious decision. The court ruled that the plaintiffs had waived any defect in mail notice, but nevertheless sustained the appeal, holding that the commission's decision was not supported by competent evidence on the record and that the commission had denied the plaintiffs a fair hearing by preventing the cross-examination of Stronz. This appeal, on certification, and cross appeal followed.

I

The commission's first two claims challenge the court's determination that there was insufficient evi-

dence on the record to support the commission's findings and decision. We agree with the defendant that the court erred in reaching this conclusion.

A zoning board may enact or amend its regulations " ' "whenever time, experience, and responsible planning for contemporary or future conditions reasonably indicate the need for change. . . ." ' " *Arnold Bernhard & Co.* v. *Planning & Zoning Commission,* 194 Conn. 152, 164, 479 A.2d 801 (1984). When acting in its legislative capacity, a zoning board has broad discretion to modify its regulations. *Wisniewski* v. *Zoning Board,* 6 Conn. App. 666, 667, 506 A.2d 1092 (1986). Commission decisions must be upheld on appeal if reasonably supported by the record. *Burnham* v. *Planning & Zoning Commission,* 189 Conn. 261, 265, 455 A.2d 339 (1983).

The records of the public meetings indicate that the commission gave four principal reasons for the zoning change: (1) to diversify the town's economic base; (2) to capitalize on the town's proximity to the interstate highway system; (3) to confine commercial development to the west side of Route 9; and (4) to create a transitional buffer zone between the east side of Route 9 and nearby residences. These reasons were based on a report submitted by the plan update subcommittee of the commission, which had been established in late 1985 to make rezoning recommendations. The report was read into the record at the August public hearing and discussed in full at both hearings. In support of the plan, the town planner explained that the zone change would attract the office development enjoyed by neighboring communities, that the traffic from such development could be minimized if the development was located near the interstate highway access ramps on Route 9, and that a shopping center on the east side of Route 9 would generate traffic in an area best left as an office park buffer between the road and the residential area to its rear.

On appeal, the Superior Court concluded that the commission's lay members were not competent to determine the impact of various types of development on local traffic conditions or to evaluate the potential market for office space. Because there was no expert testimony offered on these matters, the court found insufficient evidence in the record to support the commission's decision. This ruling is contrary to our holding in *Central Bank for Savings* v. *Planning & Zoning Commission,* 13 Conn. App. 448, 537 A.2d 510 (1988), and cannot stand.

In *Central Bank,* the trial court sustained an appeal from a zoning change on these same grounds. We found error, holding that lay commission members properly may rely on their personal knowledge of traffic patterns and real estate development needs to make zoning changes. Id., 454–56. Pursuant to General Statutes § 8-2, a zoning authority shall consider various goals in making a zone change, including the reduction of street congestion, the prevention of undue population concentrations and the encouragement of the most appropriate land use. Commission members' personal knowledge and observations relevant to these factors may be relied on to the same extent as if they were in evidence. Id., 454–55; see also *Burnham* v. *Planning & Zoning Commission,* supra, 267. Expert testimony on matters of traffic control and real estate markets is not required. *Feinson* v. *Conservation Commission,* 180 Conn. 421, 427, 429 A.2d 910 (1980).

The court's improper exclusion of this evidence explains its conclusion that the commission reached its decision without sufficient evidence. See *Central Bank for Savings* v. *Planning & Zoning Commission,* supra, 458. Because there was ample evidence in the record to support the zone change, the court's finding of insufficient evidence was in error.

## II

The commission claims that the trial court erred in holding that the plaintiffs were denied a fair hearing because the plaintiffs' counsel was not permitted to cross-examine Stronz or to speak in rebuttal. The commission points out that it was acting in its legislative capacity to promulgate zoning regulations and that the public hearings were open to all citizens, who spoke at the general invitation of the commission. It argues that it was not required to afford all citizens the right to cross-examine and rebut each other at such hearings. We need not decide this issue because we conclude that under these circumstances any error was harmless.

Public hearings play an essential role in providing a forum for citizens to give their views on proposed zoning changes. *Couch* v. *Zoning Commission,* 141 Conn. 349, 357, 106 A.2d 173 (1954). A municipal planning commission, if functioning as a legislative, judicial or quasi-judicial agency, is required "to observe the safeguards, ordinarily guaranteed to the applicants and the public of a fair opportunity to cross-examine witnesses . . . and to offer evidence in explanation or rebuttal . . . ." *Forest Construction Co.* v. *Planning & Zoning Commission,* 155 Conn. 669, 674, 236 A.2d 917 (1967). The public has the right to know and test the sufficiency of the facts upon which a commission bases its action. *Reed* v. *Planning & Zoning Commission,* 208 Conn. 431, 433, 544 A.2d 1213 (1988). The denial of an opportunity to cross-examine a witness is harmless error, however, if the testimony was not germane to the zoning board's decision. *Wadell* v. *Board of Zoning Appeals,* 136 Conn. 1, 10, 68 A.2d 152 (1949).

The commission's decision to approve the zoning change was based upon its own knowledge of the factors articulated in the town planner's report put on record at the August hearing. These factors were fully dis-

cussed at both hearings, and the plaintiffs do not claim that they were denied an opportunity to challenge the data or to rebut the town planner. There is no indication in the record that any member of the commission relied on or cited Stronz's remarks as a basis for his decision. On the basis of ample evidence, excluding Stronz's remarks, introduced at public hearings, the commission has placed on the record explicit reasons for the zoning change. We will not look behind these reasons to speculate on other influences. *Central Bank for Savings* v. *Planning & Zoning Commission,* supra, 457. We conclude that any error in not affording the plaintiffs an opportunity to cross-examine Stronz is harmless under the facts of this case.

### III

The plaintiffs' cross appeal is without merit. They claim that the commission had no jurisdiction at the public meeting on September 16, 1986, because the commission had failed to supply actual notice to all the plaintiffs. Cromwell zoning regulations require, in addition to constructive notice by legal advertisements, notice by certified mail to each owner of property within the boundaries of a proposed zone change. Code of the town of Cromwell § 236-4 (B) (3). We agree with the Superior Court that any defect in personal notice was waived because the plaintiffs, represented by counsel, appeared at the hearing and failed to object to the lack of notice. See *Schwartz* v. *Hamden,* 168 Conn. 8, 14–15, 357 A.2d 488 (1975); *Chesson* v. *Zoning Commission,* 157 Conn. 520, 527, 254 A.2d 864 (1969).

There is error on the appeal, the judgment is set aside and the case is remanded to the trial court with direction to dismiss the plaintiffs' appeal. There is no error on the cross appeal.

In this opinion the other judges concurred.