[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
This is an appeal brought pursuant to Connecticut General Statutes section 8-9, which incorporates the provisions of Connecticut General Statutes section 8-8. The plaintiffs Alfred Carnot and Michael Deasy appeal the July 11, 1989 decision of the defendant Stonington Planning Zoning (hereinafter "Commission") wherein property owned by the plaintiffs was rezoned from a RR-80 (rural residential zone) to a GBR-130 (greenbelt residential) zone.
Procedural Facts
On April 18, 1989, the defendant Commission held a public hearing on its own proposal to rezone a 1,183 acre area, referred to as "Stony Brook Streambelt," from a RR-80 zone to a GBR-130 zone. (ROR Items 35, 36). Notices of this public hearing were published on April 7, 1989 and April 14, 1989. (ROR Item 37). Publication of these notices was within the time limits set forth in Connecticut General Statutes section 8-3.
On July 6, 1989, the defendant Commission voted to approve the rezoning. (ROR Items 44, 43). Notice of the Commission's decision was published on July 14, 1989. (ROR Item 46).
The plaintiffs commenced this appeal on July 27, 1989 by causing it to be served on the chairman of the defendant Commission and the town clerk. This appeal was commenced within the fifteen day time limit set forth in Connecticut General Statutes section 8-8 (a), as amended by Connecticut Public Acts No. 88-79, section 1. Accord, Connecticut Public Acts No. 90-186, section 1.
DISCUSSION
Aggrievement
The plaintiffs allege that they are aggrieved by the defendant Commission's decision in that they own property located within the rezoned area and that the change in zone reduces the value of their property. At the hearing on this CT Page 563 appeal on October 30, 1990, the Court (Hurley, J.) found that the plaintiffs are aggrieved. See Bossert Corp. v. Norwalk,157 Conn. 279, 285 (1968) (the owner of property subject to the agency's decision is aggrieved).
Issues on Appeal
The following issues are presented by this appeal: (1) whether the record reasonably supports the conclusion that the zone change was in accordance with the town's comprehensive plan; (2) whether the record reasonably supports the conclusion that the zone change was reasonably related to police power purposes; (3) whether a change in circumstances is necessary before the Commission may rezone property; and (4) whether the change in zone effects a taking of plaintiffs' property.
It is noted that the plaintiffs raise several other claims of error in their amended complaint dated December 8, 1989 which are not addressed in their brief. Issues not briefed are considered abandoned. See DeMilo v. West Haven,189 Conn. 671, 681-82 n. 8 (1983).
Scope of Review
 A zoning board may enact or amend its regulations "`"whenever time, experience, and responsible planning for contemporary or future conditions reasonably indicate the need for change. . ."'" Arnold Bernhard Co. v. PZC, 194 Conn. 152, 164. . .(1984). When acting in its legislative capacity, a zoning board has broad discretion to modify its regulations. Wisniewski v. ZB, 6 Conn. App. 666, 667. . .(1986). Commission decisions must be upheld on appeal if reasonably supported by the record. Burnham v. PZC, 189 Conn. 261, 265. . . (1983).
Dram Associates v. PZC, 21 Conn. App. 538, 541 (1990). A change of zone falls within the scope of the zoning commission's legislative function, and the court can grant relief on appeal only if the commission has acted illegally or arbitrarily and has thus abused the discretion vested in it. Coastal Suburban Builders, Inc. v. PZC, 2 Conn. App. 489, 492
(1984). The plaintiff has the burden of proving that the commission acted illegally or arbitrarily. First Hartford Realty Corp. v. PZC, 165 Conn. 533, 540-41 (1973). CT Page 564
Scope of Commission's Authority
 The test of the action of the commission (in rezoning property) is twofold: (1) The zone change must be in accord with a comprehensive plan. General Statutes section 8-2, . . .and (2) it must be reasonably related to the normal police power purposes enumerated in section 8-2
(footnote omitted). . .
First Hartford Realty Corp., 165 Conn. at 541.
Comprehensive Plan Requirement
A comprehensive plan is "a general plan to control or direct the use and development of property in a municipality or a large part thereof by dividing it into districts according to the present and potential use of the properties." Id. It may be found in the scheme of the zoning regulations itself. Weigel v. PZC, 160 Conn. 239, 242 (1971). The requirement that a zone change be in accord with the comprehensive plan "is generally satisfied when the zoning authority acts with the intention of promoting the best interests of the entire community." First Hartford Realty Corp., 165 Conn. at 541.
The Commission's "Record of Decision" does not state the reason for the Commission's decision to rezone the subject property. (ROR Item 43). Connecticut General Statutes section 8-3 (c), as amended by ConnecticutPublic Acts No. 88-105, section 1, provides in pertinent part: "Whenever such commission makes any change in a regulation or boundary it shall state upon its records the reason why such change is made." However, the court may search the record for a statement of the commission's reason. See Parks v. PZC,178 Conn. 657, 662 (1979).
The record reveals that the subject proposal to rezone the Stony Brook Streambelt area was initiated by the Commission itself. (ROR Item 36, transcript at p. 3). Changing the zone from RR-80 to GBR-130 increased the minimum lot size from 80,000 square feet to 130,000 square feet. (ROR Item 13, Environmental Assessment Report at p. 2). The record indicates that the purpose of the rezoning was to control development in the streambelt area, because development in such areas has dramatic effects on the ecological functions of wetlands. (ROR Item 13, Environmental Assessment Report at pp. 4, 16; ROR Item 36, transcript at pp. 5-6). Further, the proposed rezoning of Stony Brook "would bring them (the involved stream CT Page 565 belts) into the same category as Copps Brook and Willow Brook and the Pequot Seacoast Brook, which are all zoned GBR-130." (ROR Item 36, transcript at p. 6).
The Commission's decision to rezone the subject area was in accordance with the comprehensive plan in that it was made with the intentions of (1) promoting the best interest of the community by protecting ecologically sensitive streambelt areas, and (2) treating similar areas uniformly.
Police Powers Requirement
The preservation of natural resources is a legitimate police power purpose in adopting a change of zone. See Bartlett v. ZB, 161 Conn. 24, 31 (1971). Nevertheless, the exercise of such a police power cannot be so unreasonable as to become arbitrary, destructive, or confiscatory. Id. at 30-31.
The plaintiffs argue that the Commission's use of roads and property lines to designate the boundaries for the new zone, as opposed to using the underlying ecological characteristics to determine the boundaries, was so unreasonable as to constitute an arbitrary exercise of police power. The transcript of the public hearing reveals that "demographic type boundaries" were used instead of "the exact ecological boundary" so that the zone could be "clearly delineated" and so that people could know where the boundary is and could find it. (ROR Item 36, at p. 7).
The Town's Conservation Commission recommended against using the roadways and property lines as boundaries. (ROR Item 2). Nevertheless, such a recommendation was advisory only and not binding on the defendant Zoning Commission when acting within its legislative capacity in amending zoning boundaries. See Connecticut General Statutes section 8-3
(giving zoning commission sole authority to adopt and amend zoning regulations and boundaries); see also, Connecticut General Statutes section 22a-42a (giving municipal inland wetland agencies authority to regulate activities affecting designated wetlands and watercourses, and authority to promulgate regulations establishing the manner in which the boundaries of inland wetland and watercourse areas shall be established).
Although the court may believe that using ecological conditions to demarcate the new zone's boundaries is preferable to using roads and property lines, the court may not substitute its judgment for that of the commission when exercising its legislative authority so long as the commission CT Page 566 has not acted irrationally or irresponsibly, and has exercised honest judgment. Parks, 178 Conn. at 663; see also, First Hartford Realty Corp., 165 Conn. at 540-41. The Commission's desire to have zone boundaries readily ascertainable is a rational objective, especially since courts have repeatedly encouraged certainty in zoning regulations. See generally, Shell Oil Co. v. ZBA, 156 Conn. 66, 70 (1986). ("(E)very property owner should be able reasonably to ascertain how he can use his property in compliance with the zoning regulations.") Consequently, the court cannot, as a matter of law, find that the Commission's decision was so unreasonable as to constitute an arbitrary exercise of police power.
Circumstances
The plaintiffs further argue that the Commission's decision was arbitrary and illegal because there has not been a change in circumstances or conditions warranting a change of zone. While it is true that ordinarily a change of zone classification is unwarranted unless new conditions arise which substantially alter the character of the area, this rule does not apply when the commission is acting in its legislative capacity in amending its regulations. See Central Bank for Savings v. PZC, 13 Conn. App. 448, 452-53 (1988), citing Morningside Assn. v. PZB, 162 Conn. 154, 157-58 (1972). Consequently, it is not necessary for there to be a change in conditions before the defendant Commission can rezone the subject property. Instead, the Commission is free to rezone property "whenever time and experience have demonstrated the need for a revision." Central Bank for Savings,13 Conn. App. at 453.
Unconstitutional Taking
The plaintiffs allege and argue that the Commission's decision to rezone their property has effected an unconstitutional taking without just compensation, since the minimum lot size on their undeveloped tract of land has been increased from two acres to three acres. The plaintiff has the burden of proving the unconstitutionality of a legislative enactment such as a change of zone. DeForest Hotchkiss Co. v. PZC, 152 Conn. 262, 271 (1964). "There is, however, no confiscation of property or a taking in the constitutional sense unless the property cannot be used for any reasonable and proper purpose;. . .as where the economic utilization of the property is, for all practical purposes, destroyed." Laurel, Inc. v. State, 169 Conn. 195, 201 (1975) (citations omitted). Even the substantial lessening of the value of property is not sufficient to establish a taking in the constitutional sense. DeForest Hotchkiss Co., 152 Conn. at 271. "The maximum CT Page 567 possible enrichment of a particular landowner is not a controlling purpose of zoning." Id. at 272 (citation omitted).
The plaintiffs have not met their burden of establishing that the economic utilization of their property has been destroyed by this change of zone. The plaintiffs' claim of an unconstitutional taking is without merit.
Conclusion
For the foregoing reasons, the Court finds that the defendant Commission's decision to rezone the plaintiffs' property was a valid exercise of the Commission's legislative authority. The plaintiffs' appeal is therefore dismissed.
HURLEY, J.