[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal pursuant to C.G.S. 8-8 from a decision of the Zoning Section of the Planning and Zoning Commission of the Town of Hamden, adopting amendments to the Hamden Zoning Regulations. These amendments effective April 1, 1990 apply to "Natural Resource Regrading and Filling within the Town." The amendments expand the powers of the Commission permitting it to require special permit and site plan approval in many instances of excavation involving site plan approval, approved subdivisions, grading plans, construction or alteration of buildings or structures. The amendments expand the application procedure to require estimates of the number, types and hours of operation of trucks and other machinery to be used on the site and location and types of any buildings, including temporary buildings to be erected together with details of proposed blasting and storing of explosives. The amendments also expand the standards of the basic ordinance providing that "No excavated rock will be stock piled on the premises, except than to be used on site for erosion control or landscape purpose.
The appeal was filed in court on March 26, 1990. The amendments were adopted March 6, 1990 to be effective April 1, 1990. The plaintiffs, by way of relief, asked the court to declare null and void the actions taken by the Zoning Section of the Hamden Planning and Zoning Commission in approving eight amendments to the Hamden Zoning Regulations and to grant a temporary and permanent restraining order pursuant to C.G.S. 8-8 (g) staying the applicability of said amendments during the pendency of this appeal.
The file reveals that the specific basis for the request for the "stay order" was that the plaintiffs had an application for special permit and site plan approval filed February 15, 1990 pending before the Hamden Planning and Zoning Commission scheduled for a hearing on April 12, 1990 which would be affected significantly by the amendments if the administrative agency were to apply them to plaintiffs' pending application.
On April 30, 1990 the parties stipulated that Public Act 89-511 Sec. 2(a) applied to the Request for Stay order making the instant amendments to the Zoning Regulations of the Town of Hamden adopted on March 6, 1990 and effective April 1, 1990 inapplicable to the plaintiffs' application for special permit and site plan approval which was filed on February 15, 1990 before the effective date of the amendments. The parties further stipulated and agreed that the defendants were restrained from applying the amendments to plaintiffs' pending application for special permit and site plan approval. CT Page 2535
The new regulations were not applied to plaintiffs' application. Hearings were held on the application on July 31, 1990, September 5, 6, and 7, 1990. Ultimately the Special Permit Approval was denied. Plaintiffs took no appeal from this denial.
The defendants' answer dated July 25, 1990 essentially denied the allegations of plaintiffs' complaint. The record was returned on July 25, 1990. Both parties filed briefs, plaintiffs on November 15, 1990, defendants on November 29, 1990. The court held a hearing on March 4, 1991 at which time the plaintiffs offered evidence of aggrievement.
Plaintiffs' evidence would permit a finding that the plaintiffs own and control land at Westwoods Road and Whitney Avenue which they intend to develop in accordance with the uses permitted in a business B-2 District. The amendments to the Zoning Regulations challenged in this appeal will significantly increase the cost of such development inasmuch as they impose new requirements involving public hearings, special permits and site plan approvals along with associated cost and time delays. At this time plaintiffs have no application pending which would be affected by the amendments. The plaintiffs' brief notes that the amendments affect other property owners in Hamden as well as themselves. These other land owners are not restricted to those in the B-2 District. Plaintiff alleges in its brief that the regulations are so strict and broad that they affect almost every piece of property in the town.
These facts and circumstances do not demonstrate a specific personal and legal interest in the subject matter of the decision as distinguished from a general interest, such as is the concern of all members of the community as a whole and that he was specially and injuriously affected in his property or other legal rights. Sheridan v. Planning Board, 159 Conn. 1, 10. Plaintiff has the burden of proof on this issue, Beckish v. Manafort,175 Conn. 415, 419. Aggrievement is a jurisdictional fact, Hughes v. Town Planning and Zoning Commission, 156 Conn. 505, 507.
Apart from the question of aggrievement the court has serious problems with plaintiffs' prayer for relief which prays the court to declare null and void the actions of the Zoning Section of the Hamden Planning and Zoning Commission in approving eight amendments to the Hamden Zoning Regulations. A question arises whether this case is an appeal from the decision of the Zoning Commission or an action for a declaratory judgment. The case cannot be maintained as one for a declaratory judgment because of the requirements of Practice Book 390(d). That section requires that all persons having an interest in the subject matter of the complaint be made parties or have reasonable notice of the action. CT Page 2536 All persons having property interests in the affected areas in the town would have a direct interest in the subject matter of this action.
In general zoning appeals are appropriate to permit attacks on zoning regulations when they are constitutional or statutorily defective as applied to the facts of a particular case. A per se attack on the constitutionality of zoning regulations is permitted in an independent proceeding. Bierman v. Planning and Zoning Commission, 185 Conn. 135, 140. Bierman has been extended to preclude non-constitutional claims of invalidity of subdivision regulations. Christoforo v. Planning and Zoning Commission,11 Conn. App. 260. "A determination by this court that the Burlington subdivision regulations concerning required lot sizes are invalid could have as serious an effect on other property owners and local land use bodies as would a determination that a zoning regulation was unconstitutional. Such challenges are properly the subject for independent declaratory proceedings. Christofofo v. Planning and Zoning Commission, supra, p. 264. To be sure in this case, plaintiff has not sought any relief under these amendments but that alone would not bar the applications of the principles explicated in Christoforo.
In addition to questions about aggrievement and the question of the applicability of the appeal procedure the court must follow the repeated decisions of appellate courts holding that
 "[i]n adopting or amending zoning regulations, the commission acts in a legislative capacity. Parks v. Planning Zoning Commission, 178 Conn. 657, 660, 425 A.2d 100 (1979); A. P. W. Holding Corporation v. Planning Zoning Board, 167 Conn. 182, 184, 355 A.2d 91 (1974). `Acting in such legislative capacity, the local board is free to amend its regulations "whenever time, experience, and responsible planning for contemporary or future conditions reasonably indicate the need for a change. . . . The discretion of a legislative body, because of its constituted role as formulator of public policy, is much broader than that of an administrative board, which serves a quasi-judicial function." Malafronte v. Planning Zoning Board, [155 Conn. 205, 209, 230 A.2d 606 (1967)]' Parks v. Planning Zoning Commission, supra." Arnold Bernhard Co. v. Planning Zoning Commission, 194 Conn. 152, 164, 479 A.2d 801 (1984); Wisniewski v. Zoning Board, 6 Conn. App. 666, 667, 506 A.2d 1092 (1986). "The present appeal, involving a decision upon an application for a CT Page 2537 change of zone, required the trial court to review a decision made by the commission in its legislative capacity. . . . Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record. The credibility of the witnesses and the determination of issues of fact are matters solely within the province of the agency. The question is not whether the trial court would have reached the same conclusion but whether the record before the agency supports the decision reached." Burnham v. Planning Zoning Commission, 189 Conn. 261, 265, 455 A.2d 339 (1983). The trial court erred, therefore, in holding that the action of the commission was arbitrary as it was not predicated upon a finding of a change in the conditions of the area surrounding the property to be rezoned.
Central Bank for Savings v. Planning Zoning Commission, 13 Conn. App. 44,453, 454.
A review of the record in this case indicates that the amendments are in accord with the comprehensive plan which in this instance is to be found within the Zoning Regulations themselves. C.G.S. 8-2; Sheriden v. Planning Board, 159 Conn. 1, 18 (1969) and also reasonably related to the police powers which are the fountainhead of zoning authority. The record also indicates that there was substantial evidence available to the Commission to support its findings. Insofar as the Commission departed from any recommendations of the Planner and Town Engineer, it is concluded that these recommendation were of an advisory nature and not binding on the Commission. The amendments themselves appear to the court to be a reasonable exercise of the legislative power and in no sense arbitrary or illegal.
For these reasons the appeal is dismissed.
Donald T. Dorsey, Judge.