[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SUPPLEMENTAL MEMORANDUM OF DECISION
The plaintiff's claim in its brief and at the trial was that the A-44 report was not properly filled out and was inadmissible before the hearing officer for that reason. It was also claimed on the appeal that without the report there was insufficient evidence that the plaintiff was at an alcohol level of .10 or more at the time of operation. The statements of the plaintiff at the hearing support the hearing examiners finding on alcohol level without the report. (Transcript, p. 9.)
The report, however, was properly admitted without the presence of Todd, the arresting officer who prepared it. Volck v. Muzio, 204 Conn. 507, 518. Todd had been subpoenaed for the hearing and Todd's failure to attend could have affected the plaintiff's rights if any of the four statutory factors in section 14-227b(f) of the General Statutes were contested. The debate was narrowed by the plaintiff to the roles of the three officers involved and the legal requirements of who had to sign and take acknowledgments on the report. The signatures on the report are obvious. Plaintiff's counsel conceded that he abandoned the argument that Todd administered the second test rather than Frosceno. (Transcript, p. 5.) The plaintiff admitted that Todd gave instruction to administer the second test. (Transcript, pp. 7, 8.) Operation of the car by the plaintiff and his arrest were conceded. (Transcript, p. 10.) Remarks of counsel are ambiguous as to whether he waived Todd's attendance at the hearing (Transcript, p. 5), but clearly no demand was made at the hearing for Todd to be produced for cross examination.
It was not disputed that Todd and Margiano signed the report and that Margiano took Todd's acknowledgment. It was immaterial whether Todd only caused the second test to be given or administered it himself where Margiano administered CT Page 8390 the oath. The report complied with the statute and was admissible in either situation. Cross examination, even if plaintiff's counsel had insisted on it, would have produced no information that could have affected the result considering the obvious facts and admissions made at the hearing. Denial of the opportunity to cross examine a witness is harmless error where not germane to the agency's decision. Dram Associates v. Planning Zoning Commission,21 Conn. App. 538, 542.
The comments in the motion to reargue have been considered, do not change the result, and the motion is denied.
ROBERT A. FULLER, JUDGE