[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs John and Lisa Scalise appeal from a decision of the defendant Berlin Zoning Commission to grant a change of zone based upon an application by the defendant Kenson Company, Incorporated. The zone change from R-15 to GC-1, from residential to commercial was requested by Kenson Co., for a portion of its property along the Wilbur Cross Parkway, a major thoroughfare. That part of the property abutting the highway was previously zoned GC-1 and the property owner evidently desired the change so that his commercial use of the land could be extended to some greater depth than was previously permitted.
The plaintiffs who own abutting property to the defendant Kenson Company in the residential zone claim a variety of defects in the procedure of the Commission, which, it is argued, require this court to overturn the Commission's actions. Further the plaintiffs argue that Commission's actions are contrary to the zoning plan of the town, are not supported by the evidence and record, and amount to unlawful spot zoning. CT Page 904
The court rejects the plaintiffs' contentions.
First, aggrievement is not an issue in this case. The evidence is uncontroverted that the plaintiffs are abutting property owners and are entitled to maintain this appeal. Also no defects in the manner of taking the appeal have been raised. A motion to supplement the record was granted and additional evidence was heard by the court. Among the procedural issues raised by the plaintiffs are the following:
a) the failure of the defendants to comply with Berlin Zoning Regulations 14.02.02 (formerly 13.04.04) requiring the erection of a sign on the premises notifying interested persons of the hearing on the proposed zone change;
b) the failure, under the same section of the regulations, to include a report in the record of the public hearing by the town Zoning Inspector that such a sign was erected;
c) the failure to comply with Berlin Zoning Reg. 14.02.02 (sic) and Conn. Gen. Stat. 8-3(a) which require that a description of the boundary of the proposed zone change be on file with the town clerk at least ten days prior to the public hearing on the zone change;
d) the failure of the defendant applicant to sign its application for a zone change by a duly authorized officer of Kenson Co., Inc., the owner of record, rather than by Michael Nelson, one of its officers, as an individual;
e) the failure of the application and the legal notices to fully identify the property, and the inclusion of a misidentification of the property as being on the west side of the turnpike, rather than on the east side where it actually lies;
f) the failure of the defendants to have filed the boundary description in the office of the town clerk at least ten days prior to the public hearing;
g) the failure of the defendant Commission to have an adequate foundation in the record to approve a zone change and the failure to comply with the general plan of development of the Town in making the change.
All but the last of these involve a challenge to the procedure CT Page 905 used by the defendants to arrive at the decision-making phase of the zone change.
The first of these challenges — on the issue of the sign — is at first resolved by a finding that the sign was, in fact erected. Although the record of the public hearing was silent concerning the sign, that is not dispositive. At the presentation of the appeal before this court, Michael Nelson, secretary of Kenson Company, testified that he and his father caused a sign to be erected in conformity with the regulations, and he supplemented the record with a photograph of the sign. His father Kenneth Nelson testified that he assisted his son in putting up the sign. The court credits the evidence that the sign was properly posted.
The fact that the record at the public hearing does not contain the Zoning Inspector's report that such a sign was erected is not significant. The language in the regulation that states that the "[f]ailure of a petitioner to comply with this requirement shall be grounds for automatic denial of this zone change," (emphasis supplied) obviously means that the petition may be disapproved if the petitioner fails to erect a sign, since it is not the petitioner's responsibility, but that of the Zoning Inspector, to file the report. It is not a jurisdictional defect that such a report was not presented to the Commission at the time of the public hearing, since the purpose of the regulation is to ensure that notice is actually posted, as it was here. Accord, Lessner v. Zoning Board of New Britain, No. CV-89-0434842S (Aug. 14, 1990, Vertefeuille, J.); Clutz v. Farmington Planning Zoning Comm., CV-91-0398566S (Sep. 9, 1992, Scheinblum, J.).
Likewise this court finds that the necessary filings with the Town Clerk occurred on March 11, 1992, as is clearly date-stamped on the documents. That date — March 11, 1992 — was, as is required, at least ten days before the public hearing on March 25, 1992.
The plaintiffs' challenge to the lack of apparent corporate capacity of the petitioner Michael Nelson who signed the application is without merit. There is nothing the plaintiffs point to in the regulations that limits who may petition for a zoning change. In fact the petition itself has separate lines for applicant" and "owner" so that it was within the contemplation of the town that the two might not be identical. The lack of the words "corporate secretary" or "duly authorized" after Michael Nelson's signature on the application is of no consequence and it CT Page 906 certainly does not deprive the Commission of jurisdiction to consider the zone change. Nor has the plaintiff cited any authority for this proposition.
The plaintiffs complain that there is a conflict in the descriptions of the property to be rezoned, because the petitioner circled the word west rather than east in describing where the property was located in relation to the Wilbur Cross Highway. Ignored by the plaintiff in advancing the argument that this is a fatal defect is the fact that five copies of the precise legal description and five copies of the map were filed along with the application showing beyond cavil the exact location of the property in relation its surroundings. Furthermore the published notices correctly describe the property to be on the east side of the highway.
It is also true that the legal notices were otherwise adequate as a matter of law. The published notice described property on the east side of the Wilbur Cross Highway and referred to the lot and block number on maps on file with the town clerk and the town planner. Furthermore, there was a sign visible on the property for a considerable distance on the Wilbur Cross Highway in both directions for anyone who chose not to inquire further at the town offices, but who, alerted by the legal notice that property on the east side of the highway was the subject of a proposed zone change, chose to seek out the actual site. The plaintiffs' claim that the legal notices did not describe the property precisely enough is without merit, when the notices would easily have led one to discover without undue effort the more detailed information on file concerning the zone change. See, Passero v. Zoning Commission,155 Conn. 511, 515 (1967). The court has found that the proper documents were, in fact, on file, so that the notices were adequate.
Finally the plaintiffs claim that the Commission exceeded its authority in approving the zone change. The Commission acts in its legislative capacity in approving a zone change, and it has broad authority to amend the town's zone plan. D J Quarry Products, Inc. v. Planning Zoning Commission, 217 Conn. 447, 450 (1991). This authority must not be disturbed absent a showing by the aggrieved party that the Commission has acted arbitrarily and illegally. Burnham v. Planning Zoning Commission, 189 Conn. 261,266 (1983). The plaintiffs have made no such showing but only asserted that the evidence before it was insufficient as a matter of law and that since the area rezoned was so small, the CT Page 907 Commission's discretion must have been exercised in an arbitrary manner. The record is adequate to support the Commission's actions. The transcript of the hearing shows that the Commission already had some familiarity with the proposal as a result of a prior application for a zone change of a larger portion of the property. The Commissioners' own knowledge may be as sufficient a basis as submitted evidence to support the actions of the Commission. Dram Associates v. Planning Zoning Commission,21 Conn. App. 538, 542 (1990).
Nor is the extension of the GC-1 zone to include an additional 7000 square foot encroachment into a formerly R-15 zone necessarily out of keeping with the general welfare of the town or out of harmony with the comprehensive plan as a whole. The ability of small businesses to expand their operations is certainly a worthy goal. The fact that the change does not "wrench a single small lot from its environment and give it a new rating that disturbs the tenor of the neighborhood," but rather is "merely an extension of a zone already established" leads to the conclusion that this was no arbitrary action with which the court should interfere. Hills v. Zoning Commission of the Town of Newington, 139 Conn. 603, 609
(1953).
The plaintiffs have not shown any procedural irregularity or any substantive abuse by the defendants. The appeal is dismissed.
PATTY JENKINS PITTMAN, JUDGE