[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The appellant, Charles Corson, Jr., appeals from the decision of the Plainfield Planning and Zoning Commission (Commission) denying his request for a zone change pertaining to his property located at 47 Sterling Road, Moosup, Connecticut.
The return of record discloses that on July 30, 1998, the appellant applied for reclassification of the zone of his property from RA-60 to RA-30. This change would allow the appellant to convert an existing garage into a duplex. On September 8, 1998, the commission held a hearing on this matter and voted to deny the application. On September 29, 1998, under General Statute § 8-8, the appellant commenced this appeal from that decision. CT Page 13935
 I
The court finds that the appellant is the owner of the property which was the subject of the Commission's action. Therefore, the appellant is aggrieved by the adverse decision of the Commission, Bossert Corporation v. Norwalk, 157 Conn. 279,285 (1968).
 II
When considering a zoning amendment, the local agency acts in a legislative rather than quasi-judicial capacity, ProtectHamden/North Haven v. Planning and Zoning Commission,220 Conn. 527, 542-44 (1991). In this capacity, the agency has broad authority, sets policy, and exercises "wide and liberal" discretion, Id. As a result, judicial review of such a decision is very limited in scope, Id. Courts overturn such decisions only if the appellant establishes that the agency acted illegally or arbitrarily, Id. Courts must refrain from interfering with zone change matters unless the agency action is clearly contrary to law or is an abuse of discretion, Id.
The Commission had no burden to state its reasons for declining to amend the zoning scheme, Calandro v. ZoningCommission, 176 Conn. 439, 441 (1979). In this case, the Commission failed formally to state any reasons. It then falls upon the court to search the record to ascertain whether legitimate reasons for the agency's action can be found therein.
In this regard, the appellant complains that the transcript of the proceedings before the Commission contains a significant number of omissions warranting a new hearing. The transcript discloses several instances of inaudible comment. Also, toward the end of the hearing the tape recorder malfunctioned altogether. The minutes of the meeting indicate, however, that only the appellant's counsel's argument was unrecorded as a result. The appellant does not dispute that description of events.
The court recognizes that occasional miscues often occur during the recordation of municipal meetings and that local agencies often lack sophisticated recording equipment. Our legislature also recognizes this possibility and has provided, in General Statute § 8-8(k)(1), a procedural mechanism whereby the parties are permitted, if they wish, to submit evidence as to the CT Page 13936 contents of the record if the transcript proves incomplete. The appellant has offered no such evidence nor pointed to any specific prejudice caused by the omissions. Under these circumstances, the court regards the record as sufficient to allow the court properly to review the matter.
Based on the evidence before it, the Commission could reasonably have concluded that the appellant's property comprised around four acres upon which was a residence and a garage. Reclassification of zone from RA-60 to RA-30 would permit the appellant to have a second residential building on the parcel. He intends to convert his garage into duplex. The change would allow the garage to include up to four residential units. The appellant's land is in the midst of the RA-60 zone, although only about 300 feet from the border of an RA-30 zone.
Several neighbors testified at the hearing against the zone change. They noted that the amendment would alter the rural character of the area, would undesirably increase population density and traffic, and decrease property values. The Commission was free to believe and accept this testimony, ProtectHamden/North Haven, Supra. The Commission had broad discretion to determine that a change in zone from RA-60 to RA-30 would lead to traffic congestion, an undesirable concentration of population, an alteration of the rural character of the neighborhood, and a decrease in surrounding land values. These factors are some of those enunciated by General Statute § 8-2 which guides the Commission in establishing zoning boundaries, Dram Associates v.Planning and Zoning Commission, 21 Conn. App. 538, 542 (1990).
The court holds that the record discloses that the Commission's denial of the change of zone was properly based on the reasons discussed above and that these reasons were supported by credible evidence. The appellant has failed to demonstrate that the Commission acted illegally or arbitrarily.
Therefore, the administrative appeal is denied.
Sferrazza, J.