VACLOW DOMBAL, PROSECUTOR, v. CITY OF GARFIELD, RESPONDENT.

Argued January 19, 1943—Decided March 1, 1943.

Before Justices BODINE, HEHER and PERSKIE.

For the prosecutor, *Major & Carlson (James A. Major)*.

For the respondent, *Charles Bernstein*.

The opinion of the court was delivered by

BODINE, J. This case comes before us on *certiorari*. We decided after the argument of the case that the writ should not operate as a stay.

The City of Garfield is governed by a council composed of eight members, two being elected from each of the four wards. The purpose of the writ is to expunge a resolution passed at the organization meeting of the City Council held January 1st, 1943, accepting the resignation of Joseph Kobylarz as a member of the council. Prosecutor contends that at a meeting held December 2d, 1942, the resignation was accepted and that he was duly chosen councilman. At this meeting, there were but four councilmen present and the argument of prosecutor's counsel is that this number was a majority of seven and that they could and did accept the resignation of Kobylarz and that his client was duly selected and qualified and that the subsequent action is in derogation of his right and should be set aside. The proceeding follows that adopted in *Murphy* v. *Freeholders of Hudson County*, 92 *N. J. L.* 244.

The question presented is merely how many votes were necessary to fill a vacancy in the Common Council in Garfield.

Section 27 of the Charter Act provides: "* * * a majority of the *whole* number of councilmen shall constitute a quorum for the transaction of business, but a smaller number may meet and adjourn from time to time, * * *." *R. S.* 40:107-1 (27) (statute saved from repeal).

Section 17 of the Charter Act provides: "In case a vacancy occurs by reason of the * * * resignation, * * * of or by any city or ward officer elected as aforesaid, it shall be lawful for the city council to fill such vacancy * * *."

The prosecutor leans heavily upon *Ross* v. *Miller,* 115 *N. J. L.* 61; *Peters Garage, Inc.,* v. *Burlington,* 121 *Id.* 523; *affirmed,* 123 *Id.* 227, and other cases in which the common law rule as to what constitutes a majority is stated. The Ross case gives no support whatever to the contention, except in its restatement of the common law rule upon which he relies. Indeed, it holds that a provision that "a majority of all the members" of the councilmanic body means "the full membership commanded by the act, and not a reduced body, however, occurring." The Peters Garage case does nothing more than cite the common law rule. We think, however, that in the acceptance of resignations and the selection of councilmen, when the charter provision is as clear as it is in this case, that it applies and that municipal action must be by a majority of the whole number of councilmen—that is by five. See *Doughty* v. *Scull,* 96 *Atl. Rep.* 564; *Schermerhorn* v. *Jersey City,* 53 *N. J. L.* 112.

The words of the charter are clear and controlling since the legislature has not asserted a different plan.

Councilman Kobylarz attended the meeting when his resignation was accepted. Being present, he did not fail to attend because of the performance of military duties. The provisions of the remedial act (*R. S.* 40:49-27.1) cannot be invoked merely because he was not voting. The statute was designed to reach a situation where a councilman could not be present because of the performance of military or naval service.

The writ will be dismissed, with costs.