GEORGE LaCAVA AND SONS, INC. *v.* TOWN PLAN AND ZONING COMMISSION OF THE TOWN OF ROCKY HILL

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued November 4—decided December 9, 1966

*Wallace R. Burke,* with whom, on the brief, was *James P. Connolly,* for the appellant (plaintiff).

*Robert F. Stengel,* for the appellee (defendant).

ALCORN, J. The plaintiff is the owner of eight acres of land located well toward the center of a very large area of Rocky Hill which is subject to what are designated as village residence zoning restrictions. These restrictions permit the use of land for single-family dwellings, farms, orchards, nurseries, agriculture, roadside stands for produce raised on the land, customary home occupations, places of worship, nonprofit schools and colleges, nursery schools, community or nonprofit club buildings, passenger transportation stations, or public utility substations. Rocky Hill Zoning Regs. §§ 3.11,

3.12 (1960). The plaintiff applied to the defendant for a change of these restrictions only so far as they affected its property. The change sought would permit the property to be devoted, in addition to the enumerated uses, to group dwellings or garden apartments. Ibid. The defendant denied the application for the reasons that (1) the change would amount to spot zoning, (2) it would constitute a potential traffic hazard and (3) a sufficient area of the town is already zoned for garden apartment use, in addition to which a number of garden apartments already exist or are in the planning or construction stage. The Court of Common Pleas rendered judgment dismissing the plaintiff's appeal from that decision, and the plaintiff has taken this appeal, claiming, among other things, that the court erred in failing to conclude that the defendant's action was arbitrary, illegal or an abuse of its discretion. Our conclusion as to this assignment of error is dispositive of the appeal.

The basic question before us is whether the reasons assigned by the defendant for its action are reasonably supported by the record and whether they are pertinent to the consideration which the defendant was required to apply under the zoning regulations. *Zieky* v. *Town Plan & Zoning Commission,* 151 Conn. 265, 267, 196 A.2d 758. "The object of zoning is to adopt measures to regulate property uses in conformance with a comprehensive plan in a manner to advance the public welfare." *Steiner, Inc.* v. *Town Plan & Zoning Commission,* 149 Conn. 74, 75, 175 A.2d 559. The record discloses that the plaintiff had formerly planned to use the property for the construction of twenty-four single-family houses. The plaintiff's primary reason for seeking a change of zone was that it would be con-

siderably less expensive to develop the property for garden apartments than for single-family dwellings. The expressed intention was to erect fifty to sixty garden apartment units, and the plaintiff urged the defendant to conclude that the land was an appropriate place for such a use. Some thirty residents of the vicinity appeared in opposition to the application, and a petition in opposition bearing fifty-seven signatures was also presented at the hearing.

From the evidence presented, it appears that the property, part of which is swampy, is on the southwest corner of Grimes Road and Elm Street. On the south is state-owned land occupied by the Veterans' Home and Hospital. On the west is a town park. All of the other land in the vicinity is devoted to single-family residences, the owners of which had bought in reliance on the protection afforded by the existing zoning regulations. The plaintiff planned to provide access to the proposed garden apartments from Elm Street. Elm Street is a narrow road which presents existing traffic problems emphasized by several recent accidents at the sharp corner where it meets Grimes Road. Elm Street could not accommodate the added traffic, and the presence of apartments on the plaintiff's land would impede traffic to and from the park, as well as threaten contemplated developments at the park.

The record discloses that, following the hearing, there was considerable discussion in the defendant's executive session, which included consideration of the elements that, when garden apartment zones were initially proposed, this area had been excluded; that there is adequate land already zoned for garden apartments; that the plaintiff's land is not suited to garden apartment use because of the

adjacent Veterans' Home and Hospital, the single-family residence use existing in the area, and the traffic hazards already existing; and that approval of this application would, in effect, amount to spot zoning and result in an overcrowding of the land.

It appears from the zoning map that there are, in fact, substantial areas of the town now zoned to permit a garden apartment use. It is also clear from the variety of uses permitted under the existing zoning restrictions applicable to the plaintiff's land that there was nothing arbitrary or confiscatory in the defendant's action in leaving the property in its present classification. *Zygmont* v. *Planning & Zoning Commission,* 152 Conn. 550, 556, 210 A.2d 172. There was adequate evidence from which the defendant could reasonably conclude that a potential traffic hazard would result from an approval of the application. Beyond that, the defendant did not unreasonably consider that an approval of the application might have the effect of spot zoning. To avoid spot zoning, a change of zone must permit a use of the property "in an appropriate manner, having regard to its type, location and the nature of the use being made, or which could be made, of the surrounding territory. The change must also be one that presents a reasonable and logical development of the comprehensive plan." The change "must do more than meet the wishes of the owner in carrying out some proposal he may make." *Kutcher* v. *Town Planning Commission,* 138 Conn. 705, 710, 88 A.2d 538; see also *Lavitt* v. *Pierre,* 152 Conn. 66, 76, 203 A.2d 289.

The record demonstrates that the defendant had in mind the general welfare of the community in considering the various factors involved. *Lupinacci* v. *Planning & Zoning Commission,* 153 Conn. 694,

697, 220 A.2d 274. The court did not err in concluding that the record before the defendant properly supported its action. *Zygmont* v. *Planning & Zoning Commission,* supra, 553.

There is no error.

In this opinion the other judges concurred.