THE SAMP MORTAR LAKE COMPANY *v.* TOWN PLAN AND ZONING COMMISSION OF THE TOWN OF FAIRFIELD

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued June 7—decided July 6, 1967

*Austin K. Wolf,* for the appellant (plaintiff).

*John J. Darcy,* town attorney, for the appellee (defendant).

House, J.  This is an appeal from a judgment of the Court of Common Pleas dismissing the plaintiff's appeal from a decision of the defendant commission changing the zonal classification of the plaintiff's property, which consists of nine-tenths of an acre on the southeast corner of Samp Mortar Drive and Brookside Drive in Fairfield, from industrial to residence A.  The property was the only industrial lot in a large residential section of Fairfield and is the residual piece remaining to the plaintiff after it had subdivided and developed all the surrounding area, where it built approximately 500 one-family houses.

The property is irregularly shaped and is situated in part on the side of a rather steep slope.  It is subject to a forty-foot easement which transverses the property lengthwise, parallel with Samp Mortar Drive, on which the property faces.  The easement is owned by the Bridgeport Hydraulic Company, and through it, at a depth of approximately three and one-half feet, passes a large water main.  The property was at one time the site of a pumping station for the Hydraulic Company and apparently for that reason was classified in the

industrial zone when Fairfield adopted zoning regulations in 1925. At the time of the hearing on the application to rezone, a large brick industrial building on the property was used by the plaintiff as a truck and storage terminal for its vehicles and equipment and, in part, as a teenage center.

It is the contention of the plaintiff that the change of zone from industrial to residence A would cause such a drastic reduction in the value of the premises as to render the action of the commission invalid because it would constitute the taking of the property without just compensation in violation of the applicable provisions of the federal and state constitutions. The plaintiff relies on the rule of such cases as *Suffield Heights Corporation* v. *Town Planning Commission,* 144 Conn. 425, 429, 133 A.2d 612, and *Del Buono* v. *Board of Zoning Appeals,* 143 Conn. 673, 678, 124 A.2d 915, in which this court stated that "[a] classification permanently restricting the enjoyment of property to such an extent that it cannot be utilized for any reasonable purpose goes beyond valid regulation and constitutes a taking without due process." See also *Dooley* v. *Town Plan & Zoning Commission,* 151 Conn. 304, 308, 197 A.2d 770.

In granting the application for the change of zone, the commission listed seven reasons for its action: (1) The change is in accordance with the adopted comprehensive plan of the town of Fairfield. (2) The change will promote the health and general welfare of the community and the neighborhood. (3) The change provides for the most appropriate use of the property which will be in accordance with the residential character of the neighborhood and the general area. (4) The residential classification will lessen the traffic confusion in the street.

(5) The conditions pertaining to the original industrial zone classification have substantially changed, and these changes consist of increased residential growth in the area, increased traffic movement along the road and the road extension, all of which require that traffic confusion be lessened by the elimination of the industrial classification. (6) The residential zone classification will provide for the proper development of the land and maintain property and residential values and prevent the development of the land for industrial purposes, which would seriously reduce the property and residential values of the neighborhood. (7) The character of the land is peculiarly suitable for residential use.

The reasons given by the commission for the change of zone are valid, are fully supported by the record; *Andrew C. Petersen, Inc.* v. *Town Plan & Zoning Commission,* 154 Conn. 638, 643, 228 A.2d 126; and were confirmed by the court's inspection of the premises, as indicated in its memorandum of decision. "The object of zoning is to adopt measures to regulate property uses in conformance with a comprehensive plan in a manner to advance the public welfare." *Steiner, Inc.* v. *Town Plan & Zoning Commission,* 149 Conn. 74, 75, 175 A.2d 559; *George LaCava & Sons, Inc.* v. *Town Plan & Zoning Commission,* 154 Conn. 309, 311, 225 A.2d 198. "The modification of zone boundaries and regulations by a zoning commission partakes of the nature of legislative proceedings. The circumstances and conditions concerning zone changes are peculiarly within the knowledge of the zoning commission." *Metropolitan Homes, Inc.* v. *Town Plan & Zoning Commission,* 152 Conn. 7, 10, 202 A.2d 241. Courts cannot substitute their judgment for the wide and liberal discretion vested in the local zoning author-

ity when it is acting within its prescribed legislative powers. *Lupinacci* v. *Planning & Zoning Commission,* 153 Conn. 694, 699, 220 A.2d 274; *Summ* v. *Zoning Commission,* 150 Conn. 79, 89, 186 A.2d 160. "Unless there is a clear abuse of discretion by the zoning authority which results in an unwarranted discrimination against the property owner or an unreasonable deprivation of his property rights, the welfare of the public, rather than private gain, is a paramount consideration for the authority. *State* v. *Hillman,* 110 Conn. 92, 105, 147 A. 294; *Talmadge* v. *Zoning Board of Appeals,* 141 Conn. 639, 645, 109 A.2d 253." *Corsino* v. *Grover,* 148 Conn. 299, 311, 170 A.2d 267.

The claims of the plaintiff were ably and fully presented at the hearing before the commission. There was testimony which, if believed in its entirety, would indicate that the change of zone would result in a substantial reduction in the value of the property. An expert witness testified for the plaintiff that in his opinion the present market value of the land and building was $45,000, the cost of demolishing the building would amount to $15,000 and the value of the two resulting residence building lots would be $8000; all of this, in his opinion, would result in a loss of market value of the property of $52,000. The president of the plaintiff company testified that if the property were confined to a residence A building use, it would cost $11,500 per lot as raw land and that in such circumstances it would not be economically feasible to build two houses thereon which would have to sell in a $15,000 to $16,000 range.

On the other hand, on the appeal to the Court of Common Pleas and in this court, the commission emphasized that although there was no evidence of

value other than that offered by the plaintiff's witnesses, that testimony, even if credible, was predicated on an immediate conversion of the property to residential uses, whereas, in fact, the plaintiff could continue its own nonconforming industrial use of the property, although it could not thereafter devote the premises to other permitted industrial uses entirely inappropriate to the large residential community which it had itself constructed in the surrounding area.

There is little doubt that the plaintiff will be disadvantaged economically by the change of zone, but the change does not amount to confiscation or deprive the plaintiff of all reasonable use of his land, as was the case in *Dooley* v. *Town Plan & Zoning Commission,* 151 Conn. 304, 197 A.2d 770, *Suffield Heights Corporation* v. *Town Planning Commission,* 144 Conn. 425, 133 A.2d 612, and *Corthouts* v. *Newington,* 140 Conn. 284, 99 A.2d 112. Paraphrasing what we said in *DeForest & Hotchkiss Co.* v. *Planning & Zoning Commission,* 152 Conn. 262, 271, 272, 205 A.2d 774, the burden of proving the unconstitutionality of a legislative enactment, even though of local origin, is not a light one. Of course, the value of the plaintiff's property would also certainly be enhanced by leaving it in an industrial zone where it would be available for the most objectionable uses permissible in Fairfield. This would also be true of any other nonconforming industrial use in a residential zone. But such a fact would not justify overthrowing the commission's zonal classification as unconstitutional. The maximum possible enrichment of a particular landowner is not a controlling purpose of zoning. The financial effect on a particular owner must be balanced against the health, safety and welfare of the

community. *Dooley* v. *Town Plan & Zoning Commission,* supra, 309.

The trial court concluded from its review of the evidence, its inspection of the premises and our decision in *DeForest & Hotchkiss Co.* v. *Planning & Zoning Commission,* supra, that the reasons set forth by the commission in the minutes of its executive session for allowing this zone change are more than adequate to sustain the commission's action, that the change of zone was not confiscatory but a reasonable exercise of the police power to regulate the use of property, and accordingly was not arbitrary, illegal or in abuse of its discretion. On the record, this was a conclusion which the court could reasonably and logically reach.

There is no error.

In this opinion the other judges concurred.