[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has taken this appeal from a decision of the defendant planning and zoning commission on January 5, 1988, to rezone a 1.8 acre parcel of land owned by him from B (Business) to R (Residential) 40. He claims that the change, which was initiated by the commission, does not conform to the town's comprehensive plan, that the record does not support its decision, and that the effect of the zone change is to deprive him of the reasonable use of his property as a neighborhood shopping center.
The plaintiff's testimony on the issue of aggrievement was that he is the sole owner of the property affected by the zone change, that he had purchased it about a year before the commission's decision with the intention of expanding and upgrading the existing commercial building from two stores to four stores, and that he had submitted proposed site plans and maps to the commission for that purpose. The court finds, therefore, that the plaintiff is aggrieved in that he has demonstrated "a specific, personal and legal interest in the subject matter of the decision" and that "this specific, personal and legal interest has been specially and injuriously affected by the decision." Hall v. Planning Commission, 181 Conn. 442,444.
The plaintiff argues that because the property was "so clearly designated commercial in the Town Plan" the commission has abused its discretion by changing the zone to residential "unless the Commission can show a substantial change in the conditions since the Town Plan in 1976." Plaintiff's Brief, pp. 5-6. He also asserts that the argument used by those who spoke in favor of the zone change at the hearing that the surrounding area has always been residential is true but that "is exactly what the Town Plan anticipated and proposed, as clearly indicated on the Future Land Use Map" which was attached thereto. Id. 6.
The plaintiff's first ground of appeal as stated in his brief (p. 2) is that "the general zoning plan of the Town of East Granby is set forth in the `Plan of Development, Town of East Granby Planning and Zoning Commission March, 1976'" which states that it is "a guideline for planning future growth and serves as a basis for zoning decisions." 1976 Town Plan, Return Item 22, p. 1. He relies principally on the fact that his property, described at page 49 of the town plan of development as the "Spoonville Road commercial area [consisting of] a single building housing a small grocery store and a package store" (p. 49), is one of the three commercial areas in the CT Page 5388 town which are shown on the maps of existing and future land uses attached to the plan, and is the only such area that falls within the classification of a "neighborhood shopping center" under the plan. Id. 48.
The introduction to the 1976 plan of development (Return Item 22, p. 1), upon which the plaintiff so heavily relies, emphasizes the fact that the plan is only advisory by stating that it "is not a final, rigid plan for East Granby and it would be a serious mistake to infer that it is." It also points out that it "may realistically be valid only for five years", and that it "should be modified periodically to either reflect actual patterns or strengthened to alter trends not in keeping with the desires or best interest of East Granby."
At the public hearing held on December 1, 1988, the chairman of the commission stated (Return Item 8, p. 2) that "[t]he Commission has been concerned about some spot zones located throughout the Town and has considered over a period of years taking action to correct these." He also noted that the rezoning of the plaintiff's parcel and of another small commercially zoned property from business to residential was consistent with the town plan's goals of avoiding "strip development and scattered uncoordinated commercial uses" and of encouraging businesses "to locate in the Town Center and avoid expansion of existing commercial areas . . ." Id.
The residents of the area who spoke in favor of the proposed change stated that the plaintiff's property "is literally surrounded by residential property" and that it was consistent with the town plan to change the zone designation to residential. Return Item 8, p. 2. Others who favored the commission's proposal stated (p. 5) that the convenience store had changed hands a number of times "because they can't make a go of the store", and that (p. 6) the property "is really an eyesore [and] if you have more of the same thing going on it's going to be worse . . . and this is downgrading the whole area."
The plaintiff, who filed a protest and opposed the change at the hearing, stated that his purpose in buying the property was to improve and upgrade it and to expand the existing building from two stores to four. His attorney argued that the impact of the proposed change on his client would be to leave him with a non-conforming commercial use and a lot upon which only one house could be built.
A master plan or plan of development is the planning commission's recommendation for the most desirable uses of land and because it is merely advisory it does not control the zoning CT Page 5389 commission in its enactment of zoning regulations. Furtney v. Zoning Commission, 159 Conn. 585, 598. The comprehensive plan, on the other hand, in accordance with which zoning regulations must be adopted, "is such a plan as the zoning commission devises"; Levinsky v. Zoning Commission, 144 Conn. 117,123; and therefore may be found only in the zoning regulations and the maps of the zones adopted pursuant to them. Mott's Realty Corporation v. Town Planning Zoning Commission,152 Conn. 535, 540.
A change of zone classification does not require a finding by the zoning authority that there has been a change in the conditions of the area surrounding the property to be rezoned. Central Bank for Savings v. Planning Zoning Commission, 13 Conn. App. 448, 454. When a zoning board amends its regulations it acts in a legislative capacity which permits it to modify its regulations whenever time and experience have demonstrated the need for a revision, and it is therefore "not bound by the general rule which would prohibit it from reversing an earlier decision without evidence of a change in conditions." Morningside Association v. Planning Zoning Board,162 Conn. 154, 158.
The commission's characterization of the so-called "Spoonville commercial area" which is the subject of this appeal as a spot zone constituted a finding by the commission that its designation as a commercial zone was not in "harmony with the comprehensive plan for zoning adopted to serve the needs of the community as a whole." See Blaker v. Planning 
Zoning Commission, 212 Conn. 471, 483. The record on this appeal supports the conclusion of the commission that this particular small commercial parcel was a spot zone in the sense that it does not serve "a public need in a reasonable way"; Anderson v. Zoning Commission, 157 Conn. 285, 294; and that it disturbs "the tenor of the surrounding neighborhood." Pierrepont v. Zoning Commission, 154 Conn. 463, 469.
An amendment to zoning regulations which eliminates small commercially zoned areas which are spot zones by upgrading them to residential is consistent with the comprehensive plan and is a proper exercise of the zoning board's discretion. Taylor v. Incorporated Village of Head of the Harbor, 480 N.Y.S.2d 21, 24 (App. 1984). An owner of a small commercial property has no vested right in its continuance as a business use and where the true purpose of its reclassification to residential use is to maintain the residential nature of the neighborhood rather than to stifle commercial development, such a change is a valid exercise of the zoning board's discretion. Kelly v. Zoning Board of Adjustment, 276 A.2d 569, 570 (Pa. 1971). CT Page 5390
The economic impact of a change of zone on a particular owner must be balanced against the health, safety and welfare of the community. Samp Mortar Lake Co. v. Town Plan 
Zoning Commission, 155 Conn. 310, 315-16. Where a zoning board changes a property's zoning designation from commercial to residential to conform to the area's primary existing usage, the fact that a disfavored, non conforming use of the property is thereby created does not constitute an abuse of the board's discretion. Zmijewski v. Planning Zoning Commission,2 CSCR 279, 13 CLT 10 (March 9, 1987).
For the foregoing reasons, the court finds that the commission, as shown by the record on this appeal, has exercised its discretion fairly, with proper motives and for valid reasons, and that the court should therefore sustain its action and dismiss the appeal. Zandri v. Zoning Commission, 150 Conn. 646,650.
Accordingly, the plaintiff's appeal is dismissed.
HAMMER, J.