[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff is the owner of five individual and contiguous pieces of land ("Lots 1-5") located at 1688 East Main Street in Torrington, Connecticut. The plaintiff alleges that he has owned and operated a wholesale and retail florist shop and nursery on these lots for the past thirty-four years, and that he has located thereon a commercial landscaping business in which he is the sole shareholder. In 1968, the CT Page 10298 plaintiff purchased Lot 4, the subject premises of this appeal, which was zoned R-15 at the time and, in November, 1969, he applied to the defendant for a zone change for Lot 4, requesting that it be changed to a Local Business Zone. Said request was approved on December 24, 1969.
On July 18, 1990, following public hearings conducted by the defendant, Lot 4 was rezoned from its twenty year old designation as Local Business to an R-10 classification, thereby requiring that it be utilized for single-family residential lots with a minimum area of 10,000 square feet. The plaintiff asserts that the defendant's decision in this latter was arbitrary, capricious, unreasonable and illegal. The plaintiff further alleges that the defendants decision to alter the classification of Lot 4 constitutes a taking of the plaintiff's property. The final issue briefed by the plaintiff is that the defendant's decision was reached in violation of the plaintiff's due process rights. On September 26, 1991, the defendant submitted its brief regarding this matter.
 I
AGGRIEVEMENT
This appeal is taken pursuant to General Statutes 8-8. Any aggrieved person, as defined in 8-8(a)(1), has a right of appeal. Id. at 8-8(b). Aggrievement is a jurisdictional question and a prerequisite to maintaining an appeal. Winchester Woods Association v, Planning Zoning Commission, 219 Conn. 303, 307, ___ A.2d ___ (1991). "The question of aggrievement is essentially one of standing," DiBonaventura v. Zoning Board of Appeals, 24 Conn., App. 369, 373, 588 A.2d 244 (1991), and unless the plaintiff alleges and proves aggrievement, his appeal must be dismissed. Id. To be an aggrieved person, "one must be affected directly or in relation to a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest such as is the concern of all members of the community, and the appellant must be specifically and injuriously affected as to property or other legal rights." Winchester Woods, supra at 307. The plaintiff, as the owner of the subject property, is aggrieved and entitled to bring an appeal. See Bossert Corp. v. Norwalk, 157 Conn. 279, 285 253 A.2d 39 (1969).
 II
TIMELINESS
The appeal to this court shall be commenced by service of process within fifteen days from the date that notice of the decision was published as required by the general statutes. General Statutes 8-8(b). The appeal shall be returned to court in the same manner and within the same period of time as prescribed for civil actions brought to this court. Id. In the present matter, the decision of the defendant was published on July 24, 1990, and process was served upon Addo Bonetti, Torrington Town Clerk, CT Page 10299 and upon John Hogan, Jr., Chairman of the Torrington Planning and Zoning Commission, on August 8, 1990, fifteen days after publication of the decision. Thus , pursuant to General Statutes 8-8(b), this court has jurisdiction over this appeal.
 III
Local zoning authorities, in enacting or amending their regulations, are acting in a legislative rather than an administrative capacity, Parks v. Planning and Zoning Commission, 178 Conn. 657, 660, 425 A.2d 100 (1979), and, therefore, have broad discretion as long as they act "in harmony with and in conformity to a comprehensive plan as mandated by General Statutes8-2." Id. at 660-661. A trial court is not at liberty to substitute its judgment for that of a local authority which is acting within its legislative powers. Frito-Lay, Inc. v. Planning Zoning Commission,206 Conn. 554, 572-73, 538 A.2d 1039 (1988). In such circumstances the court may grant relief on appeal only where the local authority has acted illegally, arbitrarily, or in abuse of its discretion. Id. at 573. The court is simply to determine whether the record reasonably supports the conclusions reached by the agency, Primerica v. Planning Zoning Commission, 211 Conn. 85, 96, 558 A.2d 646 (1989), and the commission's action is to be sustained if any one of the reasons stated is sufficient to support the decision. Id. Where the zoning authority has stated the reasons for its decision, the court is not at liberty to probe beyond them. DeMaria v. Planning Zoning Commission, 159 Conn. 534, 541,271 A.2d 105 (1970). The court is limited to evidence contained in the record unless the transcript of the proceedings appealed from is incomplete or it appears to the court that additional testimony is necessary for the equitable disposition of the appeal. General Statutes 8-8(k); Lathrop v. Planning Zoning Commissions, 164 Conn. 215, 220, 319 A.2d 376 (1973).
 IV
While the plaintiff's appeal raises many issues, its brief raises only three. Therefore, because issues not briefed are considered abandoned, State v. Ramsundar, 204 Conn. 4, 16, 526 A.2d 1311 (1987), only the three issues previously mentioned should be considered.
The plaintiff, in its brief, alleges that the defendant's decision altering Lot 4 from a local business designation to an R-10 designation was arbitrary, capricious, unreasonable and illegal. The plaintiff further alleges that the defendant's decision to alter the classification of Lot 4 constitutes a taking of the plaintiff's property. The final issue raised by the plaintiff is that the defendant's decision was reached in violation of the plaintiff's due process rights. The defendant, in its brief, defends its decision.
When a zoning commission amends the classification of zones within a town, it will ordinarily be upheld on appeal unless its actions have been patently arbitrary, unreasonable, illegal or in abuse of its CT Page 10300 discretion. First Hartford Realty Corporation v. Planning and Zoning Commission, 165 Conn. 533, 544-45. 388 A.2d 490 (1973). Changes in zone "`must be in harmony with and in conformity to a comprehensive plan as mandated by General Statutes 8-2'". Parks, supra at 661 (citation omitted). Such a plan has been defined as a general plan to "control and direct the use and development of property in a municipality or a large part thereof by dividing it into districts according to the present and potential use of the property." Summ v. Zoning Commission, 150 Conn. 79, 87,168 A.2d 160 (1962). Where a zoning commission has acted with the intention of promoting the best interests of the community and its actions are in harmony with its regulations and the comprehensive plans, its actions cannot be deemed to be arbitrary or illegal. Fenn v. Planning and Zoning Commission, 24 Conn. App. 430, 436, 589 A.2d 3 (1991).
General Statutes 8-2 sets forth criteria to be considered by a planning and zoning commission in adopting or amending zoning regulations. That section states, in pertinent part, that:
 The zoning commission of each city, town, or borough is authorized to regulate, within the limits of such municipality, the height, number of stories and size of buildings and other structures; the percentage of the area of the lot that may be occupied; the size of yards, courts and other open spaces; the density of population and the location and use of buildings, structures and land for trade, industry, residence or other purposes, including water-dependent uses as defined in section 22a-93, and the height, size and location of advertising signs and billboards. Such zoning commission may divide the municipality into districts of such number, shape and area as may be best suited to carry out the purposes of this chapter; and within such districts, it may regulate the erection, construction, reconstruction, alteration or use of buildings or structures and the use of land. . . Such regulations shall be made in accordance with a comprehensive plan and shall be designed to lessen congestion in the streets; to secure safety from fire, panic, flood and other dangers; to promote health and general welfare; to provide adequate light and air; to prevent the overcrowding of land; to avoid undue concentration of population and to facilitate the adequate provision for transportation, water, sewerage, schools, parks and other public requirements. Such regulations shall be made with reasonable consideration as to the character of the district and its peculiar suitability for particular uses and with a view to conserving the value of buildings and encouraging the most appropriate use of land throughout such municipality. Such regulations shall also encourage the development of housing opportunities for all citizens of the municipality consistent with soil types, terrain and infrastructure capacity. Zoning regulations shall be made with reasonable consideration for their impact on agriculture. Zoning regulations may be made with reasonable consideration for the protection of existing and potential public CT Page 10301 surface and ground drinking water supplies. . . .
Id.
Where "the zoning authority acts to limit the amount of commercial development in the best interests of the community as a whole and in accordance with a comprehensive plan, the requirement of 8-2 that zoning regulations be designed to promote the general welfare, `with a view to, . . encouraging the most appropriate use of land' throughout the community, is satisfied." First Hartford Realty Corp. supra at 543-44 (quoting Samp Mortar Lake Co. v. Town Plan Zoning Commission,155 Conn. 310, 231 A.2d 649 (1967)). Furthermore, zoning regulations can be amended "`whenever time, experience, and responsible planning for contemporary or future conditions reasonably indicate the need for change. . . .'" Dram Assoc. v. Planning Zoning Commission,21 Conn. App. 538, 541, 574 A.2d 1317 (1990) (citation omitted). Because the question, then, is whether the proposed change is good for the community as a whole as opposed to whether it is good specifically for the appellant, Ferndale Dairy, Inc. v. Zoning Commission of Berlin,148 Conn. 172, 175, 169 A.2d 268 (1961), it must be determined for what reasons the defendant was acting.
The record reflects that the proposed zone changes are in compliance with the land use map adopted as part of the city's plan of development. Thus the defendant's actions in adopting the proposed changes are in harmony with its regulations and the comprehensive plans. Consequently, its action cannot be deemed to be arbitrary or illegal. Fenn, supra.
 V
The plaintiff next asserts that the defendant's decision constitutes a taking of the plaintiffs property. The plaintiff claims that, "the use of [his] land has, for all practical purposes, been rendered impossible."
"Until it appears that the plaintiff has been finally deprived by the commission of the reasonable and proper use of the property, it cannot be said that there has been an unconstitutional taking of property without just compensation." Manor Development Corporation v. Conservation Commission, 180 Conn. 692, 695, 433 A.2d 999 (1980). Indeed, "[m]erely because the total value of the property has decreased does not justify a conclusion that there has been an unconstitutional taking. . . A property may be subject to reasonable restraints without resulting in a taking. Id. at 695-96 (citations omitted).
Zoning reclassifications "can constitute an unconstitutional taking when they leave a property owner with no economically viable use of his land other than exploiting its natural state." Gil v. Inland Wetlands Watercourses Agency, 219 Conn. 404, 413, ___ A.2d ___ (1991) (citing Bartlett v. Zoning Commission, 161 Conn. 24, 282 A.2d 907 (1971), where CT Page 10302 the court found that new zoning regulations constituted an unconstitutional taking because the property owner's tidal marshlands were limited to uses such as wooden walkways, wharves and duck blinds). See, e.g., Dooley v. Town Plan Zoning Commission, 151 Conn. 304,197 A.2d 770 (1964) (finding that the zoning reclassification of the landowner's property from residential to flood plain, thereby permitting uses only as parks, marinas, wildlife sanctuaries, nursery gardening and the like, constituted an unconstitutional taking).
In the present matter, no cease and desist order, or the equivalent thereof, has been issued. Rather, the decision of the defendant merely restricts the plaintiff from expanding the current use of his land. The zone change does not require him to stop using his land as he is, currently. Furthermore, nowhere in the record does the plaintiff proffer evidence to the effect that his property's value has been diminished. Mr. Moscarillo does state that he intends "to continue to use [his land] for commercial [purpose]," and that he believes his "land is more profitable to [him] as commercial property. And if it is rezoned to residential, it will lose considerable value." Consequently, in light of the standard espoused in Manor Development Corporation, supra, there has been no unconstitutional taking of the plaintiff's property.
 VI
The plaintiff's final claim is that the defendant's decision was reached in violation of the plaintiff's due process rights. The plaintiff asserts that he was denied the opportunity to be heard at the public hearings in that he was limited to five minutes during which to present his argument.
General Statutes 8-3 states, in pertinent part, that the "zoning commission shall provide for the manner in which . . . the boundaries of zoning districts shall be respectively established or changed. No such regulation or boundary shall become effective or be established or changed until after a public hearing. . . ." Id. Furthermore, the public has a right to participate in such a hearing, to know the facts upon which the Commission is acting and to present evidence. Dram Assoc. v. Planning and Zoning Commission, 21 Conn. App. 538, 543, 574 A.2d 1317
(1990).
While the plaintiff claims that he was limited to a five minute presentation, he is not supported by the record. Indeed, during the public hearing held April 26, 1990, the following conversation took place:
ATTORNEY GALLICCHIO: "I have five minutes per client."
CHAIRMAN HOGAN: "You get a chance to come back to speak."
Additionally, the following conversations took place: CT Page 10303
MR. McKEON: ". . . I want my time."
MS. PACHECO: ". . . When you finish your part of the presentation [five minutes], you can sign up again to speak up again."
CHAIRMAN HOGAN: "You can sign up again and then the five-minute limit is off. You can carry on after that. We want to get through everybody first."
Record Item 5, page 60, 74.
Thus, the five minute limitation policy was only effective during the "first round" of presentations as a means of permitting all those who so desired to speak. Consequently, the public hearings were held in accordance with General Statutes 8-3, and the plaintiff's claim that he was deprived of his due process rights is without merit.
For the foregoing reasons, the plaintiff's appeal is dismissed.
DRANGINIS, JUDGE