[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff is the owner of a parcel of land located adjacent to Rubber Avenue, in the Town of Naugatuck. The parcel in question lies within a B-2 commercial zone and a R-30 residential zone. The portion of the property that is within the commercial zone runs along Rubber Avenue about 116 feet with a depth of 300 feet (hereinafter "commercial parcel"). The portion directly to the rear of the commercial parcel consisting of 6.25 acres which is within a residential zone and is the subject of this appeal (hereinafter "residential parcel"). The commercial CT Page 3945 parcel is developed with a muffler shop and a office building. The residential parcel is presently zoned for single family residential use on 30,000 square foot lots and is undeveloped. There exists some steep slopes on the residential parcel. It is the plaintiff's claim that due to the topography of this parcel it cannot be used for residential purposes and therefore petitions the Naugatuck Zoning Commission ("the Commission") to amend the zoning map to change the residential parcel to a B-2 zone.
In July of 1995, the plaintiff submitted an application to the Commission seeking to rezone her residential parcel to a B-2 zone. In August of 1995, the Commission conducted a hearing on the plaintiff's application and with a vote of three to one denied the plaintiff's request. The plaintiff then took this timely appeal to this court claiming she was aggrieved by the decision of the Commission in that she is unable to utilize the residential parcel in accordance with it's highest and best use, and that the Commission acted arbitrarily, illegally and in abuse of it's discretion. The plaintiff also alleges that the commission acted improperly for failing to delineate its reasons for its denial.
The plaintiff Deborah Griffith appeared at the hearing before the undersigned and testified she was the owner of the residential parcel the subject of this appeal. Her ownership of this parcel is not questioned by the parties. The court finds that the plaintiff is an aggrieved party pursuant to the statute.
Our appellate courts have consistently held that it is the judgement of the Zoning Commission that is paramount. This court can substitute it is judgement for that of the Commission. Millerv. Town Planning Commission 142 Conn. 265, 269. It is not our function to retry the case. West Hartford Interfaith CoalitionInc. v. Town Council 228 Conn. 498, 513. "The trial court may not substitute its judgement for the wide and liberal discretion vested in the local authority when acting within its prescribed legislative powers. Farrington v. Zoning Board of Appeals,177 Conn. 186, 190, 413 A.2d 817 (1979); Summ v. Zoning Commission,150 Conn. 79, 89, 186 A.2d 160 (1962). "The court must invest such broad discretion in these authorities when determining the public needs and manner of meeting it, because they are the closest to the circumstances which create the problem and shape the solution." Stiels v. Town Council 159 Conn. 212, 219,268 A.2d 395 (1970). Frito-Lay, Inc. v. Zoning Zoning Commission
CT Page 3946206 Conn. 554, 573. This court will not and cannot substitute its judgement for that of the Commission.
It is the plaintiffs claim that the Commission did not state its reasons for the denial. The Commissions's letter to the plaintiff, dated August 21, 1995 reporting it's denial of her request clearly states that "additional" traffic was a concern and access to the property, among other things. Assuming that the denial letter did not technically not list these concerns as the specific reasons for it's denial, the court must therefore search the record to determine whether there was a basis of their denial. Paige v. Town Plan Zoning Commission, 235 Conn. 448
(1995). The court has examined the record and finds that there were clearly concerns about the increase in traffic if the zone were to be changed as requested by the plaintiff. There were several neighbors present at the hearing who voiced objections to the application, specifically, that a commercial use would increase traffic, while others were concerned with a potential water problem. Commissioner Marianna Barnes, who stated (Record pg 33) that she lived on Rubber Avenue Extension and knows "exactly what the traffic is there," further stating that "to put anything in the back there, there is going to be additional traffic." (Record pg 34). The Commission could have relied on the comments of those who testified and even the comments of Commissioner Barnes. "Commission members' personal knowledge and observations relevant to these factors may be relied on to the same extent as if they were in evidence." Dram Associates v.Planning Zoning Commission 21 Conn. App. 538, 542 (1990). Whatever swayed the commission to deny the plaintiffs application, it is sufficient in the eyes of this court that there was an adequate basis for its denial.
The plaintiff also argues that because of the topography of the location there is "no alternative uses for the plaintiff's property" and that the commission's denial is a practical confiscation and therefore an arbitrary and illegal abuse of it's discretion. The plaintiff called a professional engineer at the zoning hearing, Curt Jones, who testified as to the topography of the residential parcel. Although Mr. Jones testified that it would not be feasible to develop the subject site as residential and that commercial development would be the most desirable alternative, the worst he could say was that residential use was impractical and in his opinion the commercial use would be most prudent and feasible. Mr Jones did not say, however, that residential development was absolutely precluded. He said that CT Page 3947 commercial development was the "most desirable alternative" and that residential use was "impractical." There was no evidence that residential development was impossible or that the parcel could not be used for residential purposes. To exclude a use which the plaintiff believes to be most advantages to her does not amount to confiscation. The financial effect on a particular owner must be balanced against the health, safety and welfare of the community." Samp Mortar Lake Co v. Town Plan ZoningCommission, 155 Conn. 310, 315, 231 A.2d 649. "Unless there is a clear abuse of discretion . . . which results in an unwarranted discrimination against the property owner or an unreasonable depravation of his property rights, the welfare of the public, rather than private gain, is of paramount consideration." Corsinov. Grover, 148 Conn. 299, 311, 179 A.2d 267 see, State v. Heller123 Conn. 492, 495-97. 196, 148 A. 337." Brecciaroli v.Commissioner of Evironmental Protection 168 Conn. 349, 357. (1975).
The court finds that there is no evidence presented by the plaintiff which amounts to an arbitrary abuse of the Commission's discretion. This court agrees that there is no confiscation of the plaintiffs property and more importantly, it cannot find that the Commission acted arbitrarily, illegally, or that they in any way abused their discretion in refusing to find a confiscation.
For all of the reasons stated above the court will dismiss the plaintiffs appeal.
Pellegrino, J.